# Knight *versus* West Jersey Railroad Company.

An action may be maintained in this state against a foreign copora-
tion (process having been served here) to recover damages in an action
*ex delicto*, for negligence causing death in another state, where a statute
of such state is similar to the Pennsylvania statute authorizing such an
action.   While the foreign statute has no extra territorial force, rights
under it, not contrary to the policy of this state, will, by comity, be
enforced by remedies according to the procedure of this state.

January 7th, 1885.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia County*:   Of January Term, 1884, No. 212.

This was an action of trespass on the case by Sarah Knight, Archibald Knight, and Susan Knight, by their next friend and father James Knight, and James Knight against the West Jersey Railroad Company, to recover damages for the death of Jane Knight, wife of James Knight and mother of Sarah, Archibald and Susan Knight.

On the trial, before YERKES, J., the counsel for plaintiff, in his opening to the jury stated that the alleged negligence of the defendant, causing the death of the said Jane Knight, had occured in Camden, New Jersey; whereupon the Judge in-timated that he was of the opinion that the court had not jurisdiction of the cause of action, by reason of the fact that the accident causing the death of plaintiff's intestate had occurred in another state.   Thereupon no evidence was sub-mitted, but the counsel for plaintiffs and defendant filed the following agreement:—

"It is admitted that accident causing the death of Jane Knight, whose representatives sue here, occurred in Camden, N. J.   Counsel for defendant agrees that no advantage shall

be taken of the fact that no evidence of negligence was here given, and that the question *in banc* and in error shall be considered solely as one of jurisdiction of Pennsylvania courts."

The judge then entered a nonsuit, which the court *in banc* subsequently refused to take off. The plaintiffs took this writ of error assigning for error the refusal of the court to take off the nonsuit.        .

At the argument in this court defendant's counsel admitted that there is a statute of the state of New Jersey substantially the same as the statute in Pennsylvania relative to the liability of persons for damages in case of injury by negligence causing death.        .

*Leoni Melich* and *Samuel C. Perkins*, for the plaintiffs in error.—The question involved in this case is solely whether the cause of action—negligence resulting in death—is local or transitory. At common law, personal actions, whether *ex contractu* or *ex delicto*, are transitory, and may be brought anywhere: Story on Conflict of Laws, §§ 538, 554, and 558. Trespass on the case for an injury to the person has always been considered a transitory action in England: Mostyn v. Fabrigas, 1 Smith's Lead. Cases (Hare & Wallace), 1024; McKenna v. Fiske, 1 Howard, 249; Johnson v. Dalton, 1 Cow., 543; Smith v. Bull, 17 Wend., 323; Stout v. Wood, 1 Blackf., 71; Watts v. Thomas, 2 Bibb., 458; Wall v. Hoskins, 5 Ired. L., 177; N. C. Co. v. Scholl's Ex'rs, 16 Md. 332; Great W. R. R. Co. v. Miller, 19 Mich., 305; Ackerson v. Erie R. R. Co., 31 N. J. L., 309. The fact that this action is statutory and not by the common law, does not make it less transitory: Bennett v. Cadwell, 20 P. F. S., 258; Leonard v. Columbia Steam Nav. Co., 84 N. Y. 48; Dennick v. R. R. Co., 13 Otto, 18; Whitford v. Panama R. R. Co., 23 N. Y. 484. The courts of this state will enforce a liability incurred under the law of another state, whenever that liability is not against the policy of this state or prejudicial to its interests.

*David W. Sellers*, for defendant in error. No action can be maintained under the statute of this state for a death caused by negligence outside of it: Whitford v. Panama R. R. Co., 23 N. Y. 484; Richardson v. Railroad Co., 98 Mass. 85; Though a sister state may have a similar statute to this, the rights thereunder will not be enforced where the place of accident and of death, and the citizenship of neither of the parties belongs to this state: Railroad Co. v. Lacy, 43 Georgia, 461; Allen v. Railroad Co., 45 Maryland, 41; Patton v. Railroad Co., 15 Norris, 169.

[Knight *v.* West Jersey Railroad Co.]

Mr. Justice TRUNKEY delivered the opinion of the court, March 16th, 1885.

Upon the mere admission contained in the written agreement of the counsel, the nonsuit was rightly ordered. By all authority where the Act complained of is not the subject of legal redress by the law of the place where committed, it cannot be made the subject of such action by the statute of another state where the action is brought. It does not appear in the record that a statute exists in New Jersey creating a liability by the defendant for the act complained of in the declaration. The common law does not give the right, and it cannot be presumed that it has been given by statute.

At the argument the defendant's counsel admitted that the plaintiffs could have proved that a statute existed in New Jersey substantially the same as the statute in Pennsylvania relative to liability of persons for damages in case of injury by negligence causing death; and asserted that the plaintiffs are citizens of and reside in New Jersey, and the defendant is a corporation of and its road is located in that state. And upon the facts agreed and orally so admitted and claimed, requested that it be determined whether the courts of this state will exercise jurisdiction. It seems the nonsuit was granted on the ground that the injury and death occurred in New Jersey, regardless of other facts which might be proved upon the trial.

At common law purely personal wrongs, as respects civil remedy, died with the person who received them; but whether just or unjust, that rule has been abrogated to a great extent by statutes, both in this country and in England. In the earlier period of such legislation there was a tendency to adopt the principle that "where a new right of action is given by the statute for that for which no action would lie at common law, such action can only be brought in the state or county whose statute gives the right, and for the wrongs then suffered." This is sustained by some decisions, among them Richardson *v.* N. Y. Cent. Railroad Co., 98 Mass. 85, and Anderson *v.* Railroad Co., 37 Wis., 321.

The general rule is, as to personal torts which give a right of action at common law, that the action may be brought wherever the wrong-doer may be found, and jurisdiction of his person may be obtained. In actions *ex contractu*, their transitory character, and the jurisdiction of the courts to entertain them, are the same whether the right be given by statute or the common law. Like rule has recently been applied in Minnesota in an action *ex delicto*, the court remarking that where either by common law or statute, a right of action has become fixed and legal liability incurred, if transitory it may

[Knight v. West Jersey Railroad Co.]

be enforced in the courts of any state which can obtain juris-
diction of the defendant, provided it is not against the public
policy of the laws of the state where it is sought to be
enforced. The statute of another state has no extra-territorial
force, but rights under it will always, in comity, be enforced,
if not against the policy of the laws of the forum. In such
cases the law of the place where the right was acquired or the
liability was incurred, will govern as to the right of action,
while all that pertains merely to the remedy will be controlled
by the law of the state where the action is brought: Herrick
v. Minneapolis & St. L. Railway Co., 23 Amer. L. Reg., 26.
The doctrine in that case had been enunciated in Dennick v.
Railroad Co., 103 U. S. R., 11. That action was brought in a
state court of New York for recovery of damages under
the statute of New Jersey which imposes liability therefor
upon a party by whose wrongful act, neglect or default, death
ensues. It was removed to the Circuit Court of the United
States on the ground that the plaintiff was a citizen of New
York, and the defendant of New Jersey. The accident which
caused the death of the plaintiff's husband occurred in the
latter state. After remarking that the right of action depended
solely on the statute of New Jersey, and that it was a
civil action to recover damages for a civil injury, the court
said: "It is difficult to understand how the nature of the
remedy, or the jurisdiction of the court to enforce it, is in any
manner dependent on the question whether it is a statutory
right or a common law right. Whenever, by either the com-
mon law or the statute law of a state, a right of action has
become fixed and a legal liability incurred, that liability may
be enforced and the right of action pursued in any court
which has jurisdiction of such matters and can obtain jurisdic-
tion of the parties." . . . . . "A party legally liable in New
Jersey cannot escape that liability by going to New York.
If the liability to pay money was fixed by the law of the state
where the transaction occurred, is it to be said it can be
enforced nowhere else because it depended on statute law
and not upon common law? It would be a very dangerous
doctrine to establish that in all cases where the several states
have substituted the statute for the common law, the liability
could be enforced in no other state but that where the statute
was enacted and the transaction occurred."

Obviously, that case affirms that a personal liability created
by the statute of another state will be enforced according to the
course of procedure in the state where the defendant may be
found. It was no less important to consider the point than it
would have been in the state court had the cause not been
removed. The court maintained that decisions asserting a

different doctrine were unsound, and cited the latest decision on the subject in New York: Leonard *v.* Columbia Steam Nav. Co., 84 N. Y. 48, where it was ruled that an action is maintainable in that state by the personal representatives of one whose death resulted from an injury received in another state through the negligence of the defendant, where it appears that the laws of that state are similar to those of New York, giving to such representatives a right of action in such cases; it is not essential that the statutes should be precisely the same.

No contrary decision had been made in New York: Whitford *v.* Panama Railroad Co., 23 N. Y. 465, is not in conflict. There it was held that statutes giving an action for damages for death caused by culpable negligence, do not apply when the injury was not committed in that state, but in a foreign country; there was no evidence of a statute creating such liability where the injury and death occurred. In Railroad Co. *v.* Lacy, 43 Georgia, 461, it was ruled that the injury and death having occurred in Alabama, in absence of any allegation or proof as to what is the law of the place in relation to the alleged cause of action, the courts will not presume that a statute creating the right has been enacted in that state, but will presume that the common law remains in force. So, in State, use of Allen *v.* Railroad Co., 45 Md. 41, the plaintiffs based their claim solely upon the Maryland statute, and it was held that the statute did not apply to the case of a wrongful act or neglect occurring in another state, and that in the absence of anything to the contrary, the presumption was that the common law prevailed in the state where the alleged wrong was done. There was no attempt to show that a similar statute existed in Pennsylvania when the injury and death occurred.

Thus three of the four cases relied on by the defendant merely affirm the rule that where there is no liability for the act by the law of the place where committed, an action cannot be maintained on said act under the statute of another state. We think the weight of the recent and better considered adjudications in this country, decidedly favors the application of the same rule to all transitory actions for injuries to persons or property, whether recognized by the common law, or created by statute to meet new exigencies of modern life, unless such statute is contrary to the policy of the laws of the state where the action is brought. The claim of comity on which the rule is founded is as urgent in one case as the other. If the statute of New Jersey which creates liability for the Act complained of, is similar to the statute of this state upon the same subject, it is plain that the liability sought to be enforced

is not contrary to the policy of this state or prejudicial to its interests.

As a general rule neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania. A court having jurisdiction of the subject may acquire jurisdiction of the person by lawful service of its process. If a defendant were not liable to answer in a civil action in any state where he may be found he could easily evade service of process. A preliminary inquiry respecting the citizenship or residence of the parties could not advantage the public. There is no reason for making a case like this an exception. It is enough if the plaintiff comes with a case within the jurisdiction of the courts, and the defendant has been lawfully summoned, to warrant proceeding to trial and judgment. The defendant in this case, if not incorporated under the laws of Pennsylvania, is doing business therein, else it could not have been made subject to the jurisdiction of the Court of Common Pleas of Philadelphia. The plaintiffs ought to have been permitted to make out their case by proofs, if they could, instead of being nonsuited for the sole reason that the injury and death occurred in another state.

Judgment reversed and procedendo awarded.