## JOSEPHINE USHER v. WEST JERSEY R. CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILADEL-PHIA COUNTY.

Argued March 25, 1889—Decided May 6, 1889.

[To be reported.]

1. The right of action to recover damages for injuries resulting in the death of the person injured being entirely statutory, the action must be brought in the name of the person to whom the right is given by the statutes of the state where the injuries are inflicted.

2. The statute of this state, act of April 26, 1855, P. L. 309, giving a right of action to the widow, etc., of the deceased, has no extra-territorial force enabling her to bring suit in the courts of this state, for injuries resulting in the death of her husband inflicted in a foreign state.

3. The New Jersey statute, providing that "every such action shall be brought by and in the names of the personal representatives of such deceased person," but "for the exclusive benefit of the widow and next of kin," does not authorize a widow to sue in her own name in the courts of this state, upon a cause of action accruing in New Jersey.

Before PAXSON, C. J., STERRETT, CLARK, MCCOLLUM and MITCHELL, JJ.

No. 328 January Term 1888, Sup. Ct.; court below, No. 33 March Term 1886, C. P. No. 4.

On February 27, 1886, Josephine Usher brought an action in case against the West Jersey Railroad Company, the narr charging, inter alia, that the defendant company, in carrying John F. Usher from Camden to Cape May, by its carelessness and negligence caused his death and by reason thereof became liable to the plaintiff and her child, the widow and next of kin of the deceased, for the injury sustained by them. The defendant pleaded, not guilty.

At the trial on November 16, 1887, before WILLSON, J., the plaintiff proved the death of John F. Usher, a citizen of Pennsylvania, by being thrown from the defendant company's train, while a passenger thereon, near Malaga, N. J., and that he left to survive him a widow, the plaintiff, and one child. The plaintiff then put in evidence the statute of New Jersey, act of March 3, 1848, P. L. 151, §§ 1 and 2 whereof provide :

1. " That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

2. " That every such action shall be brought by and in the names of the personal representatives of such deceased person ; the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin

in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person: Provided, that every such action shall be commenced within twelve calendar months after the death of such deceased person."

The plaintiff then rested, when the defendant moved the court to order a nonsuit, for the reason that the action was not brought by the personal representative of the deceased husband, as required by the New Jersey statute, the death having been caused in that state. The court allowed the motion, and ordered judgment of nonsuit to be entered, with leave, etc. Motion, rule, etc.

The rule to show cause why the judgment of nonsuit should not be vacated having been argued, on January 21, 1888, the court, WILLSON, J., citing Knight v. Railroad Co., 108 Pa. 250; Dennick v. Railroad Co., 103 U. S. 11, and Patton v. Railway Co., 96 Pa. 169, discharged the rule, whereupon the plaintiff took this writ, assigning as errors the order entering the judgment of nonsuit and the order discharging the rule to show cause why the judgment should not be vacated.

*Mr. George S. Graham* (with him *Mr. John Roberts*), for the plaintiff in error:

1. The action is personal, and being transitory, it may be brought in any place where the defendant can be served with process; and the fact that the action is statutory and not at common law does not make it local: Bennett v. Cadwell, 70 Pa. 258. The general rule is, that an action for a tort must be brought in the name of the party injured by the tort, and whoever has sustained the loss is the proper person to call for compensation. At common law if the party immediately injured die, the remedy determines. But the Pennsylvania act of April 26, 1855, P. L. 309, recognizes the injury to the relative rights of persons and confers new rights unknown to the common law. No persons other than those specified in said act having been clothed with the right of action for injuries resulting in death, no other persons can sustain such an action

in our courts: Books v. Danville Bor., 95 Pa. 158; Mann v. Weiand, 81* Pa. 243; Huntingdon etc. R. Co. v. Decker, 84 Pa. 419.

2. Under the New Jersey statute the right of action is created for the benefit of the "widow and next of kin" to recover compensation for the injury to their relative rights. It is not an action for an injury to the deceased, but for an injury to the relative rights of the living. The damages go in express terms to indemnify the living, and not the estate of the dead. The parties are specially named to whom the damages are given. And as a means to an end only, the New Jersey statute provides further that the action "shall be brought by and in the name of the personal representatives of such deceased person." In this state, the party suffering the pecuniary loss must bring the action. This certainly relates, therefore, only to the form of the remedy, and the lex fori governs in all matters relating to the remedy: Thornton v. Insurance Co., 31 Pa. 531; Dennick v. Railroad Co., 103 U. S. 11; Knight v. Railroad Co., 108 Pa. 250; Lodge v. Phelps, 1 Johns. Cas. 131; Foss v. Nutting, 14 Gray 484.

3. The lex fori governs the nature, extent and character of remedies; who shall be proper parties to a suit; the mode of procedure and the execution of judgments. These matters are regulated solely and exclusively by the law of the place where the action is instituted: Story on Conf. of Laws, §§ 242, 263, 556, 558. Questions as to who are the proper parties to suits, relate rather to the form of the remedy than to the right and merit of the claim, and are therefore to be determined by the law of the forum; Kirtland v. Lowe, 33 Miss. 423; Orr v. Amory, 11 Mass. 25; Leonard v. Navigation Co., 84 N. Y. 48; Chicago etc. R. Co. v. Doyle, 8 Am. & E. R. C. 171; Selma etc. R. Co. v. Lacy, 49 Ga. 106; Bank of the U. S. v. Donnelly, 8 Pet. 361; McClees v. Burt, 5 Met. 198. The negligence of the defendant, and the death ensuing from that negligence together created the right of action. Why is the plaintiff not entitled to assert it in her own individual capacity? Why shall the courts of the state be closed against one of its own citizens? Must she take out letters of administration in this state, and ancillary letters in New Jersey, and then go into the courts of the latter state to recover that which is

clearly given her and the next of kin as compensation for the
injury sustained ?

*Mr. David W. Sellers*, for the defendant in error :

There was no action to recover damages for injuries resulting
in death, at common law, and the statute of this state has no
extra-territorial effect as to an act of negligence causing death,
in New Jersey: Whitford v. Railroad Co., 23 N. Y. 465.   The
opinion of the court below discharging the rule to vacate the
judgment of nonsuit, is sufficient to sustain the second prop-
osition, that the action must fail because not brought " by and
in the names of the personal representatives," as required by
the New Jersey statute.

OPINION, MR. JUSTICE MITCHELL :

John F. Usher was killed by an accident upon the defend-
ant's road in New Jersey, under circumstances of negligence,
as we must assume, for which he would have had an action
had he been only injured.   But having been killed, his right
of action, under the universal rule of the common law, termi-
nated with his life.   If any right of action remained, it must
have been wholly based upon statute, and as the occurrence
out of which, if at all, the right must arise, took place in New
Jersey, it is to the statutes of that state alone that we must
resort to ascertain the nature of the right, and the party in
whom it is vested.

It is not questioned that the action is transitory, and that it
may be sustained in the courts of this state, if jurisdiction be
acquired over the defendant.   Adverse decisions have been
made on this point in several states, but for Pennsylvania it
has been settled by this court in Knight v. Railroad Co., 108
Pa. 250.   Comity will enforce rights, not in their nature local,
and not contrary to the policy of the government of the tribu-
nal, no matter where arising, and without regard to whether
they are of common law or statutory origin.   There is no dif-
ference in this respect between such rights, except in the pre-
sumption that common law rights in other states are similar to
our own, and the absence of such presumption, and consequent
necessity of proof, in regard to rights merely statutory.

The statute of New Jersey, March 3, 1848, P. L. 151, pro-

vides in section 1, "That whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Section 2. That every such action shall be brought by and in the names of the personal representatives of such deceased person; the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate," .etc.

The present action was brought by the widow of Usher, and we thus have the question presented whether she can maintain the action in her own name and to her own use.

The question has never been expressly decided in this state, nor, so far as we can learn, elsewhere. It arose directly in Patton v. Railway Co., 96 Pa. 169, and was ruled by the judge at the trial against the plaintiff, who, as in the present case, was the widow. In this court the judgment was reversed, but upon other grounds. The opinion of the court was, however, indicated very clearly by what was said in regard to the allowance of an amendment making the administratrix plaintiff: "It very clearly appeared there was a mistake in omitting the name of the administratrix of William Patton, for the statute under which the action was brought directed it should be by and in the name of the personal representative. : . . . This case was tried just as if the legal plaintiff had brought suit and was upon the record, and the amendment ought to have been allowed. When it was moved, a year had not elapsed from the date of the decedent's death, . . . . . and, if the trial was free from error, it would have saved the verdict." This court, however, did not mean to pass upon the form of the action, for the obvious reason that the larger question, whether the action

could be maintained in this state at all, was the main question attempted to be raised, but which the court held was not in fact raised, because of an imperfect reservation of the point at the trial below, and therefore refused to pass upon it. That main question was subsequently decided in the affirmative in Knight v. Railroad Co., 108 Pa. 250, but the present question has remained open until now. The passage quoted, however, from the opinion of our late brother Trunkey, is valuable as showing the inclination of the court at that time.

The case of Books v. Danville Bor., 95 Pa. 158, also has some weight as raising the converse of the present question. That was an action by an administrator for injuries to the decedent, and it was sought to be maintained on the provision of the constitution that the action for such injuries "shall survive." A very eminent judge of the Common Pleas, Elwell, P. J., held, however, that as the constitution permitted the legislature to prescribe for whose benefit the action should be prosecuted, and as there was no other legislation than the act of 1855, the administrator had no right. The plaintiff was accordingly nonsuited, and this court sustained the judgment, holding that as the action was purely statutory it could only be maintained by the party to whom the statute gave it.

Nor, as already said, have we found any direct case upon the point in other states. The general course of decisions bearing collaterally upon it, is, however, adverse to sustaining such an action except by the very one whom the statute names as entitled to bring it. Thus in Woodard v. Railroad Co., 10 Ohio St. 121, it was held that an administrator appointed in Ohio, could not maintain an action in Ohio, for a death caused by negligence in Illinois, although it was proved that the statutes of both states were alike, and gave such an action to the administrator. The court held that the Illinois statute gave the action only to the Illinois administrator, and that while the Ohio administrator had a right of action by the Ohio statute, for causes arising in that state, yet that statute could not support an action for causes arising in Illinois.

Woodard v. Railroad Co. was approved and followed by the Supreme Court of Massachusetts in Richardson v. Railroad Co., 98 Mass. 85, upon the same grounds, the only difference being that in the latter case, it did not appear that there was

any law in Massachusetts giving an action under similar circumstances.

A broader view of the statute was however taken in Leonard v. Navigation Co., 84 N. Y. 48, and Dennick v. Railroad Co., 103 U. S. 11, where it was held that the statutes, though not having any extra-territorial force, would be recognized by comity, and that as they give an action to the personal representative generally, without limitation as to the authority under which he is appointed, an administrator of the home jurisdiction can maintain the action, even for causes arising in another state, upon proof of the laws of such state authorizing the action.

With these latter decisions accords our own case of Knight v. Railroad Co., already cited. But none of the cases raise or discuss the question involved here, whether the widow can maintain an action in her own name, under a foreign statute, which expressly directs the action to be brought by the administrator, though for the ultimate benefit of the widow and next of kin.

We are thus left to discuss the question upon general principles.

At the outset we may say that the action can get no support from the fact that a closely similar statute in this state, gives the right to sue, expressly and exclusively, to the widow, if there be one, for the benefit of herself and her children. It is not seriously claimed that our statute has any extra-territorial force which can produce rights from occurrences in New Jersey. On this point all the authorities agree : Whitford v. Railroad Co., 23 N. Y. 484 ; Woodard v. Railroad Co., 10 Ohio St. 121 ; Richardson v. Railroad Co., 98 Mass. 85 ; Com. to use of Allen v. Railroad Co., 45 Md. 41 ; Selma etc. R. Co. v. Lacy, 43 Ga. 461 ; Anderson v. Railroad Co., 37 Wis. 321 ; McCarthy v. Railroad Co., 18 Kan. 46.

The language of the New Jersey statute is that " every such action shall be brought by and in the names of the personal representatives of such deceased person." As this language is entirely clear, unqualified and peremptory, it would seem to settle the question without more. But it is sought to escape this conclusion by insisting, first, that as the amount recovered in such action is to be for the exclusive benefit of the widow

and next of kin, the widow may be allowed to sue for it in her own name; and secondly, that the second section concerns only the remedy, and therefore may be disregarded by the courts of Pennsylvania, who may administer the rights of the lex loci, under the procedure of the lex fori. I believe, however, that a brief consideration will show that neither of these grounds is tenable.

As to the first, there is no room for latitude of construction. The meaning of. the language used is plain and unambiguous, and its directions mandatory. It is an established rule that statutory remedies are to be strictly pursued, and we have no right when the legislature have commanded one form, to say that another will serve the purpose equally well. The law-making power has settled the remedy as well as the right, and courts are not authorized to vary or depart from either. Moreover, the distinction made in this statute between the party having the right of action, and the ultimate beneficiary, is familiar to all common law states, and is of settled importance, especially in those where, as in New Jersey, the administration of law and equity is not only in separate forms, but by separate tribunals. In the face of this settled distinction, clearly recognized and commanded by the statute, it would be an act of judicial usurpation to say that the mandate of the statute may be disregarded. In this connection the language of our brother GREEN, in Books v. Danville Bor., 95 Pa. 166, is very strong and pertinent: "No other persons have been clothed with the right, and hence no other persons can sustain such actions. The present action is brought by an administrator to recover damages for injuries resulting in the death of the intestate. But the legislature has not declared that such a person may maintain such an action, and hence the right to do so does not exist."

But secondly, is the question of the party who may sue, merely a question of the remedy, and therefore determinable by the law of the forum ? Undoubtedly there are cases where it is so. Whether an infant shall sue by guardian or by next friend, and whether an assignee shall sue in his own name or that of his assignor, and the like, are clearly questions of procedure only. But where the matter is not of form merely, but of right, the remedy must follow the law of the right. The

second section of the statute in question cannot be disregarded, or separated from the first; they are as closely interwoven, and as necessary to each other, as if they were parts of the same section. This is plain from the most cursory examination. The first section confers no right, of any kind, or on anybody. It merely imposes a liability. The second section confers the right, and without it the first would be utterly nugatory and ineffective. Apart, the first gives no right, the second imposes no liability; together, they give the liability, the right, the party to enforce the right, and the party entitled to the benefit, and they give all these together, by plain words which constitute one grant, to wit, an action, to be enforced as given, and not capable of being split up into different rights, with varying remedies, according to the tribunals in which they may chance to be asserted.

If this result were at all doubtful on principle, there is another consideration of controlling weight. It is unquestionable that in New Jersey the personal representative alone can sue, and it is equally clear that he can maintain his action there, notwithstanding this action, or any other, brought by another party in another jurisdiction. It would be a strange perversion not only of comity, but of justice, to entertain an action here, which would either oust the right of the legal party in the place where the cause of action arose, or subject the defendant to as many separate recoveries as parties could be found who might be entitled under the laws of different forums to bring actions under similar circumstances.

Nor is the argument helped by the suggestion that as the action by the personal representative is only a means to an end—i. e., the benefit of the parties ultimately entitled to the damages, the court can control the disposition of the verdict, so as to administer the rights of all parties according to the law of New Jersey. Why should our courts undertake such an unnecessary task, in the face of a direct prohibition by the law of New Jersey? The administration of the law of another jurisdiction is never desirable, and at best is full of difficulties and uncertainties. It is assumed ex necessitate when assumed at all, and it would surely be pushing comity beyond its legitimate bounds, to assume to do for the tribunals of New Jersey what they certainly would not do for themselves, administer the rights of one party through a suit brought by another.

Before closing, I may say that the statute of New Jersey, as of most of the other states, is an almost literal transcript, as far as it goes, of the 9 and 10 Vict., c. 93, commonly known as Lord CAMPBELL's Act. I have examined the English digests without finding any case bearing upon this question, but it may be noted, as some indication of the view taken of that act, that a possible inconvenience, such as is alleged in this case, has been provided for by the 27 and 28 Vict., c. 95, s. 1, which enacts, that if there shall be no executor or administrator, or there being such, he shall fail to bring suit for the space of six months after the death, then such action may be brought by and in the name of all the persons for whose benefit the action by the executor would have been. This is certainly a strong indication of the understanding that nothing but a statute could authorize an action in the name of any one but the personal representative to whom the right was given in the first instance.

> The learned judge was right in entering a nonsuit, and the judgment is affirmed.