## Pennsylvania Coal Company *v.* Hurney, Appellant.

*Equity—Equity jurisdiction—Bill in equity to enjoin tort action pending in foreign jurisdiction—Refusal of injunction.*

A party will not be restrained from proceeding with a tort action in another state on a cause of action arising within this State, where the complainant (defendant in the tort action) holds property and transacts business in the other state, and the latter's jurisdiction over the subject-matter of the suit is admitted and where there is no evidence of fraud, embarrassment or oppression.

Argued February 23, 1916. Appeal, No. 421, Jan. T., 1916, by defendant, from decree of C. P. Lackawanna Co., in equity, Nov. T., 1915, No. 4, continuing preliminary injunction in case of Pennsylvania Coal Co. v. Joseph Hurney. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Reversed.

Motion to continue injunction to restrain defendant from proceeding with tort action pending in New York based on injury sustained in Pennsylvania. Before NEWCOMB, J.

The opinion of the Supreme Court states the case.

The lower court continued the injunction. Defendant appealed.

*Error assigned,* among others, was in continuing the injunction.

*David J. Reedy,* with him *Louis Cohn, Julius J. Raphel* and *David Landau,* for appellant.—Injunctive relief should not be granted restraining the prosecution of a tort action in a sister state where it is conceded that the court of that state has obtained prior jurisdiction: Carson v. Dunham, 149 Mass. 52 (20 N. E. Repr. 317) ; In re Chetwood, 165 U. S. 443 (17 Sup. Ct. Repr. 385) ; Edgell v. Clarke, 19 N. Y. App. Div. 199; Bellows Falls Bank v. Rutland & Burlington R. R. Co., Lee, Henshaw & Thatcher, 28 Vt. 470; or where it does not appear to be an extreme or extraordinary case: Allison v. Eagle Ins. Co., 144 N. Y. App. Div. 74; Town of Venice v. Woodruff, et al., 62 N. Y. 462.

The preliminary injunction will not be granted where the plaintiff's right is not clear, but is open to dispute on every ground on which he puts it: Patterson's App., 129 Pa. 109; McCartney v. Cassidy, 141 Pa. 453; Neill v. Gallagher, 1 W. N. C. 99; Shipley v. Continental R. R. Co., 13 Philadelphia 128.

The statutes of this State will be applied on the trial of the action sought to be restrained and injunctive relief is therefore an unnecessary violation of the principles of interstate commerce: Denny v. Fronheiser, 207 Pa. 174; Firment v. Rochester & Pittsburgh Coal & Iron Co., 155 N. Y. Supp. 879.

The convenience of parties is not to be considered: Quinn v. Brooklyn Heights R. R. Co., 84 N. Y. Supp. 738.

*W. L. Hill,* of *Warren, Knapp, O'Malley and Hill,* for appellee.—A decree continuing a preliminary injunction pending a full hearing should not be reversed unless the Supreme Court is convinced that injustice will be done by maintaining the status quo for such time: Deal v. Erie Coal & Coke Co., 246 Pa. 552; Hoffman v. Howell, 242 Pa. 112.

The power of a court of equity to restrain a party within the territorial limits of its jurisdiction from proceeding further in an action at law which he has com-

menced in a court of a foreign jurisdiction is unquestionable: Schmaltz v. York Mfg. Co., 204 Pa. 1; Great Falls Mfg. Co. v. Worster, 23 N. H. 462.

It is against the policy of the law of this State to permit the harassing of persons by bringing matters in out of the way places: Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114; Park Bros. & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453.

OPINION BY MR. JUSTICE MOSCHZISKER, March 6, 1916:

The appellant properly states the question involved as follows: "Should a preliminary injunction granted (ex parte) to restrain one from proceeding with a tort action, which action is concededly transitory, and pending in a foreign jurisdiction, in which jurisdiction the plaintiff corporation (defendant in the tort action) has property, transacts business and has designated an agent to accept process in conformity with the law of such jurisdiction, be continued until final hearing, where the jurisdiction of the sister state in the tort action is admitted, and where no substantive testimony is produced at the preliminary hearing, to show fraud, embarrassment or oppression?"

On October 19, 1914, Joseph Hurney, while employed as a miner by the present plaintiff, in Allegheny County, this State, was injured by an explosion which left him totally blind. On October 7, 1915, he instituted a suit in New York to recover damages, and a summons was regularly served upon his employer's duly registered representative in that state. The jurisdiction of the tribunal in which the action was brought is admitted, but it is contended by the appellee that the preliminary injunction granted by the court below, restraining the defendant from proceeding with his action in New York, was a proper exercise of authority and should be continued, because the evidence adduced shows that, were it not continued, undue prejudice would ensue to it, the present plaintiff.

There seems to have been a thorough inquiry into the relevant facts, which are few and simple, and the chancellor states his findings as fully and in the same form as though the hearing were a final one. If the injunction is continued to another hearing, it does not appear at all likely that any additional light will be shed upon the issues involved, and a grave injustice might be done the appellant, in that the time within which he is permitted to bring an action in this State may have then expired, and, further, he may suffer serious prejudice through not having proceeded with his suit in the foreign jurisdiction, since the order appealed from prevents him from filing a declaration or other pleadings in that action.

The appellant testified that, while he had lived for some years within the State of Pennsylvania, in the county where his injuries were incurred, and owned a home there, yet he brought his action in New York because he had decided to remove himself and family to that state, that he wanted his children to be kept away from the mines where he was hurt, and thought his wife could more readily obtain work in the City of New York, and thus help support their family; moreover, he said that he had cousins living in that place, and was informed he could get better treatment for his eyes there.

After consideration of the evidence and the findings of the learned chancellor, we do not discover anything upon the record which would justify the conclusion that the appellant instituted his action in the State of New York, instead of Pennsylvania, in order to evade our laws, or that trial of the case in the jurisdiction chosen by him will to any degree bring about that result. In other words we see nothing which entitles the appellee to the extraordinary relief granted by the court below; hence, the question stated at the head of this opinion must be answered in the negative.

The decree is reversed, the preliminary injunction is dissolved, and the record is remitted with a procedendo.