Delaware, Lackawanna & Western R. R.,
Appellant, v. Ashelman et ux.

Argued April 15, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Arthur H. James,* with him *Gomer W. Morgan,* for appellant.—Appellant claims the choice of the foreign jurisdiction was manifestly for the purpose of evading the law of Pennsylvania and oppressing appellant.

Appellant is deprived of the legal right possessed in Pennsylvania to judgment as matter of law on showing clear contributory negligence.

Appellant is deprived of the legal power to produce testimony other than by interrogatories or depositions in advance of trial.

*J. Harold Flannery,* with him *Wm. W. Hall* and *George W. Ellis,* for appellees.—The testimony does not disclose sufficient facts indicating fraud, oppression or such embarrassment as to warrant the relief prayed for.

The evidence does not disclose that defendants instituted their action in the State of New Jersey, instead of Pennsylvania, in order to evade our laws, or that the trial of the case in the jurisdiction chosen by them will in any degree bring about that result: Pa. Coal Co. v. Hurney, 252 Pa. 564.

Appellant tries to distinguish the case at bar from the Hurney Case by saying that plaintiff there had special reasons unto himself. The only reason in the Hurney Case was the vague expression of intention to move to New York at some future time, by a plaintiff, a long resident of Pennsylvania, a property holder in this State and a man apparently imbedded in the social and civil life of his community.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 12, 1930:

Plaintiff railroad company, a Pennsylvania corporation, filed a bill in equity to restrain defendants, a man

and wife, who live in Luzerne County, this State, from maintaining a lawsuit, commenced in the State of New Jersey, to recover from the present plaintiff damages alleged to have been sustained by the present defendants in a collision at a grade crossing of plaintiff's railroad in Columbia County, Pennsylvania; the court below dismissed the bill and plaintiff has appealed.

Plaintiff corporation operates its railroad and carries on its business in New Jersey as well as in Pennsylvania, and the suit for damages instituted against it by defendants arose out of a transitory cause of action.

In Tennessee Coal, Iron & R. R. Co. v. George, 233 U. S. 354, 360, the United States Supreme Court said, "a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction." In Usher v. West Jersey R. R. Co., 126 Pa. 206, 210, an action to recover for personal injuries received by reason of negligence of defendant, in New Jersey, we said: "The action is transitory and......it may be sustained in the courts of this State, if jurisdiction be acquired over......defendant...... Comity will enforce rights, not in their nature local, and not contrary to the policy of the government of the tribunal, no matter where arising, and without regard to whether they are of common law or statutory origin."

In the instant case, the bill was not dismissed on the ground that relief such as that prayed for would never under any circumstances be granted, but on the express ground that "The facts in the present case do not show that the intent of plaintiffs [defendants here] in bringing their suit in New Jersey was prompted by fraud or that the suit was brought for the purpose of embarrassing or oppressing the defendant" (plaintiff here). The court below further found that the suit was not brought in New Jersey "in order to evade our laws."

As well stated in 14 R. C. L. 412-13, section 113, though the right to such a remedy was at one time

doubted, it is now established that "where a party is within the jurisdiction of the court, he may, on a proper showing, be enjoined from prosecuting an action in a court of another state. The question, however, as to when this jurisdiction [should] be exercised is often one of great delicacy;......hence, the power is used sparingly, and the petitioner must show good equitable grounds or the injunction will not issue." The work from which we are quoting enumerates many instances where such relief will be granted, citing authorities, but mentions none which fit the findings in this case. Section 120 (page 418) reads: "The court, in determining the right to relief, will not be influenced by the fact that the rules of evidence of one state are not as favorable to the plaintiff as the rules of the other, nor because of convenience in producing evidence......; the right of a party to sue in a court having jurisdiction of the cause of action and competent to afford relief being generally recognized, the mere fact that, by suing in some other state than that of his residence, he may obtain some advantage not secured in the state of his domicil, is not, of itself, a ground for an injunction." See also note in 25 L. R. A. (N. S.) 267, 270.

The general subject in hand is dealt with in 32 C. J. 115. Section 136 states that "great caution must be exercised in granting injunctions of this character"; that "the court will not interfere if......the foreign action will not be vexatious and oppressive in its results"; and that "mere......inconvenience is not sufficient reason for enjoining an action in a foreign court." The article continues, at page 116, section 137: "The granting [or refusing] of such an injunction is largely in the discretion of the court;......each case must be determined on its own facts, and in all cases the power should be exercised......sparingly and for substantial reasons only. ...... It must be made to appear that an equitable right will otherwise be denied......; that the party asking the injunction will be subjected to fraud [or]

oppression unless it is granted; that the institution of the suit in another state was for the purpose of securing to plaintiff some unfair or unconscionable advantage ......; that the forum was selected for the purpose of vexatiously harassing or oppressing defendant; or that the case involves some equitable element which the courts of the state where the suit is brought cannot apply." At pages 118-19, section 139: "It is not a sufficient ground for the issuance of an injunction that complainant prefers to have the matter adjudicated by his own tribunals; a court of equity will not restrain a party from invoking the aid of the courts of another state simply to compel him to carry on his litigation at home......[or because] a large number of witnesses reside in the state in which the injunction is asked, making it necessary to take their depositions; [or because] the court in which the injunction is asked recognizes different rules of law......[than] those which obtain in the state in which the suit is brought." Though, where the purpose of bringing the suit in a foreign jurisdiction is to evade the laws of one's own state, and the laws of the foreign jurisdiction are oppressively different from those of the home state, an injunction may be granted: 32 C. J. 117, section 138. Here, however, the record contains findings that the action was not brought "for the purpose of evading the laws of Pennsylvania" and that no such evasion will result. In this connection the court below cites the personal injury case of Lansberry v. D., L. & W. Ry. Co., 1 N. J. Misc. Reports 585, 586, 587, where the cause of action arose in Pennsylvania and the case was tried in New Jersey. There the court of New Jersey ruled that the laws of Pennsylvania governed, and in effect that, unless the jury should find that plaintiff "stopped, looked and listened" before crossing defendant's tracks, there could be no recovery.

In Knight v. West Jersey Ry. Co., 108 Pa. 250, 252, 253, 255, we said that "The general rule is, as to personal torts which give a right of action at common law, that

the action may be brought wherever the wrongdoer may be found and jurisdiction of his person may be obtained. ...... In such cases the law of the place where the right was acquired or the liability was incurred, will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought...... Whenever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties. ...... As a general rule neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania...... There is no reason for making a case like this an exception. It is enough if the plaintiff comes with a case within the jurisdiction of the courts, and the defendant has been lawfully summoned, to warrant proceeding to trial and judgment." All of this was said in a case where the plaintiffs were suing, in Pennsylvania, a New Jersey railroad company, to recover damages for the death of an injured person; and, quite recently, in Roberts v. Freihofer Baking Co., 283 Pa. 573, 576, the case just quoted from is cited with approval, this court saying in that connection, "There is no merit in the suggestion that the suit was improperly brought in this State for death caused by negligence in New Jersey,—actions [of this kind] are transitory and we have repeatedly sustained them." See also Usher v. West Jersey R. R. Co., 126 Pa. 206, 210. Such being the Pennsylvania view concerning transitory actions which arise in New Jersey and are sued for in our State, the same view must prevail where an action of that character arises in Pennsylvania and the suit is brought in New Jersey.

Considering the facts (found by the court below and stated supra) attending the institution of the suit for damages arising out of the transitory action here in-

volved, and that, at the trial of such a case, our law, in substance, will prevail in the courts of New Jersey, it becomes clear that we cannot adopt plaintiff's view that, because of some differences, alleged by it, between the adjective law of New Jersey and certain rules prevailing in our State, "the legal result of the choice [of New Jersey as a forum] is evasive of the law of Pennsylvania and an oppression on appellant." On this point the Supreme Court of Massachusetts well said, in Walsh v. N. Y. & N. E. R. R. Co., 160 Mass. 571, 572-73, that, in a transitory action, the existence of a variance of legal view between the forum resorted to and the jurisdiction in which the action arose, "not amounting to a fundamental difference of policy," will not prevent the enforcement in that forum of the law which originally "governed the conduct of the parties." See also our own opinion to the same effect in Knight v. West Jersey Ry. Co., supra.

Pennsylvania Coal Co. v. Hurney, 252 Pa. 564, is largely relied on by appellant; but in that case we reversed the court below for restraining a transitory action pending in a foreign jurisdiction, saying that we discovered nothing in the record which would warrant the allegation of appellee that appellant had instituted his action in the foreign jurisdiction in order to evade the laws of Pennsylvania and that nothing had been presented to us which would entitle the appellee to the "extraordinary relief" granted to it by the court below. That decision sustains the order here appealed from; or, in other words, it sustains the position of appellee rather than that of appellant.

The decree is affirmed at the cost of appellant.