## Haddonleigh Estates, Inc., et al. v. Spector Motor Service, Inc.

*I. Louis Rubin,* for plaintiffs.

*Webster S. Achey,* for defendant.

BOYER, J., March 10, 1941.—This is an action of trespass brought by the two above-named plaintiffs, jointly, against defendant to recover damages resulting from an

automobile collision alleged to have been caused by the negligence of defendant's agent in the operation of its truck in this county. Both plaintiffs and defendant are foreign corporations. One of the plaintiffs, Hardware Mutual Casualty Company, was registered and authorized to do business in the State of Pennsylvania under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1010, and had an office and place of business in the City of Philadelphia. Neither defendant nor the other plaintiff was registered in the State of Pennsylvania. A summons in trespass was issued by the prothonotary on the præcipe of counsel for both plaintiffs on September 17, 1940. Service of the summons was made upon the Secretary of Revenue of the Commonwealth of Pennsylvania under the provisions of the Act of May 14, 1929, P. L. 1721. The defendant company, through its counsel, entered a de bene esse appearance for the purpose of attacking the validity of said service upon defendant.

Defendant challenges the validity of the service of the summons on the ground that plaintiffs are foreign corporations and that, therefore, they are not entitled to the benefits of the said Act of 1929 authorizing the service of the writ in motor vehicle accident cases through the Secretary of Revenue of the Commonwealth of Pennsylvania, citing the opinion of this court in the case of Pekins v. Great Eastern System, Inc., Court of Common Pleas of Bucks County, no. 17, January term, 1937. In that case this court held that, plaintiff being a resident of the State of Massachusetts, and defendant being a resident of the State of New Jersey, the former was not entitled to the benefits of the above-named Service Act and that, therefore, the service made thereunder was void and of no effect. Neither party to this action has questioned the correctness of that decision. On the contrary, defendant bases its petition on it and plaintiffs attempt to distinguish the present case from that case on the ground that one of the plaintiffs was, by reason of its registration in Pennsylvania, a resident of this State, and was,

therefore, entitled to avail itself of the provisions of the Service Act. We have again examined the opinion of the court in Pekins v. Great Eastern System, Inc., and find no reason to change that opinion. We, therefore, again hold that there can be no service of a summons under that act by one nonresident upon another nonresident.

The next question that confronts us is whether the Hardware Mutual Casualty Company, one of the plaintiffs, is a resident of the State of Pennsylvania and as such entitled to the benefits of the Service Act. In our opinion there can be little question as to the status of that plaintiff. The Business Corporation Law of 1933, P. L. 364, art. X, sec. 1010, provides, in part, that "A foreign business corporation which shall have received a certificate of authority under this act, . . . . shall enjoy the same rights and privileges as a domestic business corporation, but no more . . ." This language, as well as other sections of the same act, clearly indicates that a foreign corporation registered and authorized to do business under the act is in every respect on a par with Pennsylvania corporations, and for all practical purposes is a resident of Pennsylvania. We can see no reason why an exception should be made to such a clearly-stated statutory rule, and to bar this plaintiff from invoking the benefits of the Motor Vehicle Service Act.

Perhaps the more difficult question in this case is whether, where one of two joint plaintiffs is a resident and the other is a nonresident, the one which is a resident may have service under the provisions of this act. This question apparently has never been passed upon by our courts. If, under the law, two joint plaintiffs either could, or were required to, issue separate summonses to bring a defendant into court for the sole benefit of the plaintiff issuing the summons, then there might be a serious question as to the effect of the nonresidence of one of them upon the validity of the service of the summons. However, when we consider that there is no authority in law for the issuing of a separate summons by each of several

joint plaintiffs, we must take the act of one as the act of all in that respect. No matter how many plaintiffs may be joined, still there is only one action and only one summons and one appearance required. The summons is the act of the court through its prothonotary. It is issued upon the request or direction of counsel for one or more of the plaintiffs. The purpose of a summons is to bring a defendant into court. If the summons is legal as to one of the plaintiffs, then it is the duty of defendant to appear and answer whatever the suit may require. We do not think it is a sufficient answer for a defendant to appear in court and say that he is here to answer one plaintiff and is not legally required to answer the other. He appears in response to an order of the court, and the court is not seriously concerned which of several plaintiffs has brought him into court, provided one of them had a legal right to require his appearance. The case of Knight v. West Jersey R. R. Co., 108 Pa. 250, while not apropos in its facts to the case at bar, lays down the following principle which is apropos, namely:

"As a general rule neither citizenship nor residence is requisite to entitle a person to bring suit in Pennsylvania. A court having jurisdiction of the subject may acquire jurisdiction of the person by lawful service of its process. . . . It is enough if the plaintiff comes with a case within the jurisdiction of the courts, and the defendant has been lawfully summoned, to warrant proceeding to trial and judgment."

In this case Haddonleigh Estates, Inc., the nonregistered foreign corporation, was the owner of the car alleged to have been damaged, and Hardware Mutual Casualty Company, the registered foreign corporation, was the insurer of the car against collision. The latter has the larger claim, being the amount of insurance paid to the other plaintiff. The former has the smaller claim, being $100 deductible under the terms of its policy for which it has not been reimbursed. It appears, therefore, that each of the plaintiffs had an interest in the prop-

erty damaged; one as owner, and the other as insurer. It is not for the court to divide these claims at this time and to treat them as two separate suits for separate interests as to each of which defendant must be served. It could be only on that theory that defendant's contention could be sustained. Under these facts the court could not find that the service was partly lawful and partly unlawful. If the service was lawful as to either of the plaintiffs, it is defendant's duty to come into court, and, once lawfully in court, the court will not make any further inquiry as to how or why he came. We conclude that, since one of the plaintiffs had the right to summon defendant under the act used herein, the service is legal and regular in all respects.

Now, March 10, 1941, the rule to show cause why the service should not be set aside and the proceedings declared void is discharged with leave to defendant to enter its appearance generally.