## BALTIMORE & O. R. R. CO. v. HALCHAK.

No. 6362.

District Court, W. D. Pennsylvania.

April 10, 1947.

John E. Evans, Jr., of Pittsburgh, for plaintiff.

Margiotti & Casey, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

The Baltimore and Ohio Railroad Company has filed a claim for injunctive relief against George H. Halchak, and in connection therewith asks the Court to apply the doctrine of forum non conveniens.

The Baltimore and Ohio Railroad Company is the defendant in a civil action pending in the United States District Court for the Northern District of Illinois, Eastern Division, and George H. Halchak is the plaintiff in said proceeding.

The action filed in Illinois is clearly one of tort and under the law of Pennsylvania is transitory in nature. It arose out of an accident which occurred on the 10th day of February, 1946, at a railroad crossing in the Borough of Braddock, Allegheny County, Pennsylvania.

The plaintiff contends the Railroad was negligent in the maintainance of said crossing in said Borough, and in the operation of its equipment, and as a result thereof sustained injuries.

The plaintiff is a resident of the City of Pittsburgh. The Railroad is a corporation organized and existing under and by virtue of the laws of the state of Maryland, and in addition thereto operates as a common carrier in Illinois and many other states of the Union.

The request for a preliminary injunction was denied since just cause was not shown. Consideration is now given as to what form of equitable relief, if any, should be granted.

Sometime in January, 1947, George H. Halchak caused to be entered in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 47 C 186, against the Baltimore and Ohio Railroad Company. Damages were claimed in the amount of $300,000,

alleged to have been caused or the result of injuries received in the accident hereinbefore mentioned. It is claimed that said accident and the injuries sustained were caused by negligence and carelessness on the part of the agents, servants and employees of the Baltimore and Ohio Railroad Company.

It appears that the action filed in the District Court of Illinois, Eastern Division, is not predicated on the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-60, nor on any other federal statute, but is an action of trespass under the law of Pennsylvania.

After the action was filed in the District Court of Illinois, the defendant filed a proceeding to dismiss the cause of action in which the doctrine of forum non conveniens was invoked. The company contended, on the basis of said doctrine, that the cause of action should be filed either in the state court or in the United States District Court for the Western District of Pennsylvania. It was represented to the Court that this motion had not been disposed of in the District Court of Illinois at the time of argument on March 24, 1947, and no information has been given to the Court to the contrary.

The case on its merits involves no federal question and was brought in the United States District Court solely on the diversity of citizenship of the parties.

This is true both as to the action pending in the United States District Court for the Northern District of Illinois, Eastern Division, which is the tort action, and the proceeding pending in this Court or in the United States District Court for the Western District of Pennsylvania, which is the equitable proceeding or complaint for injunctive relief.

■ Because of the character of this jurisdiction and the holdings, under Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the law of Pennsylvania will have application. The diversity of citizenship should not change the outcome.

■ Under the law of Pennsylvania, as to personal torts, an action may be brought wherever the wrong-doer may be found, and jurisdiction of his person may

be obtained. In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the right of action; while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought. Knight v. West Jersey Railroad Co., 108 Pa. 250, 56 Am.Rep. 200; Delaware, Lackawanna & Western R. Co., Appellant v. Ashelman et ux., 300 Pa. 291, 150 A. 475, 69 A.L.R. 588; Pittsburgh & Lake Erie R. Co. v. Grimm's Administrator, 28 Pa.Dist.R. 419.

■ Since this is a transitory cause of action, it would not be consistent for the courts in this state to grant or permit such a right of action and at the same time destroy the right to sue in any court having jurisdiction. Tennessee Coal, Iron & Railroad Co. v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997, L.R.A.1916D, 685; Delaware, Lackawanna & Western R. Co., Appellant v. Ashelman et ux., 300 Pa. 291, 150 A. 475, 69 A.L.R. 588.

■ A party will not be restrained from proceeding with a tort action in another state on a cause of action arising within the State of Pennsylvania, where the complainant (the defendant in the tort action) holds property and transacts business in the other state, and the latter's jurisdiction of the subject matter of the suit is admitted and where there is no evidence of fraud, embarrassment or oppression. Pennsylvania Coal Company v. Hurney, Appellant, 252 Pa. 564, 97 A. 736.

■ Since the action of this Court sitting in equity is in personam, the law of Pennsylvania will govern in considering the question as to whether or not the injunction should be granted or the doctrine of forum non conveniens applied in this case. Pittsburgh & Lake Erie R. Co. v. Grimm's Administrator, 28 Pa.Dist.R. 419; Delaware, Lackawanna & Western R. Co., Appellant, v. Ashelman et ux., 300 Pa. 291, 150 A. 475, 69 A.L.R. 588.

■ The Court in the exercise of its authority does not proceed upon any claim of right to control or stay proceedings in the courts of another state or jurisdiction, but upon the grounds that the person against whom the restraining order is is-

sued resides within the juridiction, and within the power of the restraining court. The Court issuing the writ does not pretend to direct or control the action in a foreign jurisdiction but, without regard to the subject matter of the dispute, it considers the equities between the parties and decrees in personam according to these equities, and enforces obedience to its decrees. 10 Am.&Eng.Enc.Law, p. 909; 34 A.L.R. 364.

The Baltimore and Ohio Railroad Company contends that George H. Halchak should be restrained from maintaining and carrying on or prosecuting the cause of action in the United States District Court for the Western District of Illinois, Eastern Division, for the following reasons:

1. The plaintiff in said action resides in the Western District of Pennsylvania, to wit, City of Pittsburgh.

2. The defendant is amenable to legal process filed in either the state or Federal Court in the Western District of Pennsylvania.

3. That the action in Illinois is vexatious, unjust, unconscionable and inequitable.

4. That at least thirty-one witnesses would be required to be taken from the County of Allegheny, or a reasonable distance therefrom, to the City of Chicago, Illinois, for the purpose of offering their testimony; that sixteen of said witnesses are employees of the company and fifteen are outside witnesses.

5. That said inconvenience could only be avoided by the taking of depositions, and that such procedure is an inadequate substitute for the witness himself since it is most advisable to have witnesses present and testify orally.

6. That a considerable speculation exists as to whether or not the witnesses would appear or could be compelled to appear when directed or notified to be in the City of Chicago, Illinois.

7. That great cost and expense would arise in the transportation, maintenance and supervision of said witnesses who would have to remain for some period of time in the City of Chicago, Illinois. That all of said matters just mentioned pertaining to said witnesses could be obviated if the case were tried either in the state or Federal Court in the Western District of Pennsylvania.

8. That the jury would be more able to intelligently pass upon the evidence if an opportunity were had to view the scene of the accident, and this would be impossible or impracticable if the case is tried in Chicago, Illinois.

9. That the trial of said case in Chicago, Illinois, would cause great inconvenience and damage not only to the Baltimore & Ohio Railroad, but also to the public since many of its employees would be detained at a point far distant from their place of employment and this seriously would interfere with and disturb the railroad's operations as a common carrier, and as a result thereof impose an inconvenience and a burden upon the public.

10. That the courts in the State of Illinois are not informed as to the substantive law of Pennsylvania, and it is more desirable and practicable to have a court in the jurisdiction where the accident occurs apply the law, than to have the court in some other forum untangle problems in conflict of laws, and in law foreign to that court.

11. That said action has been instituted in Illinois in order to attempt to evade the laws of Pennsylvania, and to embarrass, annoy and obtain inequitable, unjust and unconscionable advantage over the company, or that the forum in Illinois was selected for the purpose of vexatiously harassing and oppressing the company.

The plaintiff contends that said tort action is transitory in nature, and since a diversity of citizenship exists, the action filed in Illinois is proper.

The plaintiff furthermore admits the action was filed in the United States District Court for the Western District of Illinois, Eastern Division, solely for the reason that it is believed a higher verdict would be secured in that jurisdiction.

Since the plaintiff in the tort action is a resident in the Western District of Pennsylvania, this Court has jurisdiction where the circumstances justify. The

state. which accords an individual privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties. Enjoyment of the privileges of residence within the state, and the attendant right to invoke its laws are inseparable from the various incidences of state citizenship. Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357.

■ There is no question but what this court under its equitable powers and the law of Pennsylvania has the right on a proper showing, where a party is within the jurisdiction of the Court, to enjoin said party from prosecuting an action in the court of another state. The question, however, as to when this jurisdiction should be exercised is often one of great delicacy; since this power is used sparingly and the petitioner must show good equitable grounds or the injunction will not issue. Furthermore the power should be exercised only where necessary to prevent fraud, gross wrong or unconscionable advantage, or where an attempt is made to defeat the operation of some specific substantive law of the state where the action arises. 14 R. C.L. 412, 413, § 113; Delaware, Lackawanna & Western R. Co., Appellant, v. Ashelman et ux., 300 Pa. 291, 150 A. 475, 69 A.L.R. 588; 32 C.J. 115, § 136; 43 C. J.S., Injunctions, § 49, p. 501; 69 A.L.R. 588; Pittsburgh & Lake Erie R. Co. v. Grimm's Administrator, 28 Pa.Dist.R. 419; 6 Pomeroy's Equity Jurisprudence 1125, Para. 670; 4 Pomeroy's Equity Jurisprudence 2699, § 1360 et seq. (3rd Edition); 2 Pomeroy's Equity Limitations.

The decree of the Court in such cases is directed solely at the party, and does not extend to the tribunal where the suit or proceeding is pending; it is wholly immaterial that the party is prosecuting his action in a court of a state or a jurisdiction other than where his residence may be located. The plaintiff in the tort action is of the belief that more favorable consideration will be given his right of recovery, as far as damages are concerned, by the suit being considered by a jury in Illinois. It may be that the plaintiff's assumption is correct and on the other hand he may be mistaken because no person knows in advance what jurors may be impaneled and selected for a particular case.

There is nothing to indicate that the action was brought for the purpose of evading the laws of Pennsylvania, the sole reason being that the injured person believes that a higher verdict will be secured in Illinois than what would be returned in either the state or federal courts in this district.

■ In the trial of the case it will be necessary for the jury to pass upon the question of negligence and contributory negligence which will be governed by the substantive law of Pennsylvania. It will only be upon a finding of negligence on the part of the company and the absence of contributory negligence on the part of the individual that the question of damages will arise, which will also be governed by the substantive law of Pennsylvania. I believe it is conjectural and indefinite as to whether or not, in this particular case, a higher speculative verdict would be returned, if under the law it is justified in Illinois, than what would be returned in the federal or state courts in the Western District of Pennsylvania. But regardless thereof, this possibility is not of such a vexatious nature as to justify the granting of equitable relief.

However, assuming that the plaintiff would secure such an advantage in the Northern District of Illinois, this is no ground for interfering with the general recognized right to sue in any court having jurisdiction of the cause of action and competent to afford relief. The Court, should, therefore, be reluctant to interfere with the exercise of the undeniable right of the resident of one state to go into the courts of another state and secure such relief as there may be available to him unless there is a threatened invasion of the substantive rights of the other party litigant. Jones v. Hughes, 156 Iowa 684, 137 N.W. 1023, 42 L.R.A.,N.S., 502.

I do not believe that the case of Gulf Oil Corporation, Petitioner, v. Gilbert, 67 S.Ct. 839, will govern the case now pending before this Court. Although this case has marked similarities, the Supreme Court found that the law of New York

was the same as the federal law as to whether or not the doctrine of forum non conveniens should be applied. I do not believe that the law of Pennsylvania is the same as expressed by the courts of New York, and I further believe that the law of Pennsylvania should govern the passing upon the question as to whether or not the injunction should be granted. In this respect the instant case can be distinguished from the decision of the Supreme Court which is contrary to the opinion herein expressed.

 Applying the law of Pennsylvania to the facts of the case at bar, I am of the opinion that the complaint for injunctive relief should be dismissed. It is, therefore, so ordered.