CASE No. 897.

EDGAR v. CASTELLO.

A father is not entitled to recover damages for the negligent killing of his infant child.

Before FRASER, J., Charleston, June, 1879.

This was an appeal by plaintiff from an order of non-suit. The case is sufficiently stated in the opinion of the court.

· *Mr. A. J. Magrath, Jr.*, for appellant.

*Messrs. De Saussure & Son*, contra.

July 23d, 1880.    The opinion of the court was delivered by McIVER, A. J.    This was an action brought by a father to recover damages for an injury, occasioned by the alleged negligence of the defendant, which caused the immediate death of the child of the plaintiff, an infant about three years of age.    There is no allegation in the complaint that the plaintiff has sustained any damage by reason of the loss of the services of his child, or by reason of any expense or outlay to which he was thereby subjected, but damages are claimed simply for the killing of the child.    A motion for a nonsuit was made and granted, upon the ground that under the statute of this state the action could only be maintained by the executor or administrator of the deceased. The statute referred to is the act of 1859, (12 *Stat.* 825), incorporated in the General Statutes, Chapter CIX., page 507.    That statute, in its first section, provides that "*whenever* the death of any person shall be caused by the wrongful act, neglect or default of another,    *    *    *    in *every* such case the person or corporation who would have been liable if death had not ensued, *shall* be liable to an action," &c., and, in its second section it declares "that *every* such action *shall* be for the benefit of the wife, husband, parent and children of the person whose death shall have been so caused, and *shall* be brought by, or in the name of the executor or administrator of such person," &c., and then proceeds to provide for the distribution of the amount recovered among "the before-mentioned persons in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."    There are no saving words in the statute and the imperative terms employed, which we have italicised in the fore-

going quotation, exclude the idea that the party causing an injury, which resulted in death, was to be subjected to two actions for such injury ; indeed, the provisions of the fifth section of that chapter seem to have been framed with a view to prevent a double liability. It is true that in the cases of *Smith* v. *City of St. Joseph,* 55 *Mo.* 456, (17 *Am. R.* 660), and *Mewhirter* v. *Hatten,* 42 *Iowa* 288, (20 *Am. R.* 618), it has been held that a party may be subjected to two actions for an injury done to a wife— one brought by her for the damage done to her personally, and one by the husband for damages sustained by him by reason of expenses incurred by him in procuring necessary medical and other attendance, and for the loss of her services during the time she was disabled by reason of the injury. But death did not ensue from the injury sustained in either of these cases, and they are, therefore, not strictly applicable to the case in hand. According to our view, however, in order to subject one to a liability to two actions for the same act or default, the law should be express and not left to depend upon inference merely, and while, if we had full access to the statutes of those states, we might be able to see that they were properly decided, we are not prepared, as at present advised, to yield our assent to them. But in addition to this our statute expressly declares that, in the action provided for by it, " the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought," which terms would, of course, embrace damages resulting from the loss of services of the deceased ; and if a father should, in his character as master, be permitted to bring an action in his own name for the loss of the services of his child, in the character of servant, it is manifest that the defendant would be liable to be twice called upon to respond in damages for the same thing. So that even if the cases above cited should be accepted as authoritative of the general principle therein announced, it is clear that they could not affect the question now under consideration, for they are based upon the ground that the damages recoverable by the wife are intended as a compensation to her for the personal injuries which she may have sustained, while the damages recoverable by the husband

are intended as a compensation to him for the loss of her services and for the expenses incurred in providing her with proper attendance during the time she was suffering from the injury.

But, aside from our statute upon the subject, we think the motion for a non-suit was properly granted. As was said by Mr. Justice Hunt in *Insurance Company* v. *Brame*, 95 *U. S.* 757, quoting from Hilliard on Torts, the rule undoubtedly is "that at common law, the death of a human being, though clearly involving pecuniary loss, is not the ground of an action for damages." There are some cases (*Plummer* v. *Webb*, 1 *Ware* 80; *Ford* v. *Munroe*, 20 *Wend.* 210,) which might be claimed as establishing as an exception to this rule the right of the father, in his character of master, to bring an action for an injury causing the death of his child; but the ground of such action, if sustainable at all, is the loss of the services of the child as a servant. This is manifest from the case of Plummer *v.* Webb, which, though recognizing the right of the father, as master, to bring an action against another who has wrongfully caused the death of his child, places that right exclusively upon the ground of the loss of services, for there, the child having been hired to a third person, it was held that the father could not recover because the services of the child were due, not of the father, but to such third person, and hence that the action in that case could not be maintained by the father. So, also, Ford *v.* Munroe was an action brought by a father to recover damages sustained by reason of the killing of his child, about ten years of age. The special damage alleged was: 1. That the plaintiff's wife was made sick by reason of the occurrence, and that he was thereby deprived of her society and was subjected to expense in procuring necessary attendance upon her. 2d. The loss of the services of the child from the time the injury was sustained until he would have attained his majority. The jury were charged that the plaintiff might recover whatever sum the jury might think the services of the child would have been worth from the time the injury was sustained until he attained the age of twenty-one years, and, also, for damages incident to the wife's sickness. These points of the charge received but little attention at the hands of the court, though they were sustained, the principle

question considered being in relation to another matter. It is difficult to understand how, in any view of the case, that portion of the charge which permitted the jury to give, as damages, whatever they might think the services of the child would have been worth from the time of the injury until he attained the age of twenty-one years could be vindicated, for the child might have died from natural causes long before he reached the age of twenty-one years.

It is said, however, by Mr. Justice Hunt, in the case of Insurance Co. *v.* Brame, *supra*, in speaking of these cases : " They are considered by the New York Court of Appeals, in *Green* v. *Hudson River Railroad Co.*, 2 *Keyes* 294, and compared with the many cases to the contrary, and are held not to diminish the force of the rule above stated."

The case of *Cutting* v. *Seabury*, 1 *Sprague's Dec.* 522, which has been cited to sustain the doctrine that a father may recover damages for an injury to his child resulting in death, does not decide any such proposition, but, on the contrary, Mr. Justice Sprague, though expressing his own opinion in favor of such a doctrine, admits that " the weight of authority in the common law courts seems to be against the action, but natural equity and the general principles of law are in favor of it," and then undertakes to show that, by the civil law, such an action could be maintained. Indeed, we do not find that it is anywhere decided that the father could maintain such an action except where it is alleged and proved that the father has sustained · damage by reason of the loss of services of the child, or by reason of expenses incurred from the killing of his child for funeral or other expenses. Hence, where, as in this case, there is no allegation in the complaint upon which such damages could be claimed, we do not see how, in any view of the question, this action could be maintained. And where, as in this case, death resulted immediately from the injury, and the child was of such tender years as to negative the idea that he could render any such service to the father, there certainly could be no ground for a claim of damages from a loss of services; and, as to the funeral expenses, in addition to the fact that there is no allegation upon which to base a claim for such damages, we find that it has been

distinctly decided in the recent case of *Osborn* v. *Gillett, L. R.,* 8 *Exch.* 88, that a father could not maintain an action for injuries which caused the immediate death of his child, either upon the ground of loss of services or for burial expenses.

The cases of *Pennsylvania Railroad Co.* v. *Bantom,* 54 *Penna. St.* 495; *Owen* v. *Brockschmidt,* 54 *Mo.* 285, which were cited by appellant to sustain the proposition that the plaintiff was entitled to a verdict for the amount proved to have been necessarily expended for funeral and other expenses incurred by reason of the killing of the child, prove to be cases arising under special statutes of those states, and are, therefore, inapplicable here. The other case cited on this point, *Roeder* v. *Ormsby,* 22 *How. Pr.,* was a case as to the measure of damages, and turned mainly on a question as to the construction of the pleadings, as to whether the expenses claimed to be the foundation for the damages, were properly alleged to have been incurred.

We are of opinion, therefore, that in any view which may be taken of this case, the judgment of the Circuit Court was right, and accordingly it is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.