E. C. FREY et al. v. MIDDLE CREEK LUMBER COMPANY.

(Filed 27 May, 1907).

1. Evidence—Referee—Findings of Fact—Appeal.—The findings of fact by the referee, when there is evidence tending to support them, affirmed by the Judge on the hearing, are conclusive on appeal and must be made the basis of the judgment.

2. Damages—Evidence—Counter-claim—Contracts—Fraud.—Representations which were mere matters of opinion as to the quantity of timber covered by a contract to sell, given and received as such when the parties were at arm's length, each having equal opportunity of informing himself, cannot be set up as a ground of counter-claim for damages in an action upon notes given by defendant for the purchase price, as constituting legal fraud.

CIVIL ACTION, tried on appeal from a justice of the peace, before *W. R. Allen, J.,* at October Term, 1906, Superior Court of SWAIN County.

The action was to recover $190, alleged to be due by note of defendant company given to plaintiff, which was unpaid.

Defendant answered, admitting the execution of the note, and setting up a defense by way of counter-claim that the note was given as part of the purchase price for certain timber contracts held by plaintiff, and that said plaintiff made false and fraudulent representations inducing the sale, as to the quantity of timber covered by the contracts, causing damage to defendant in the sum of several thousand dollars, which was set up in bar of plaintiff's recovery. Defendant admitting the execution of the notes, the question as to the counter-claim in the cause was, by consent, referred to E. R.

Hampton as referee, who heard the testimony and made his report, finding the facts and making conclusion against the counter-claim.

The cause came on to be heard on the report and exceptions, and the Judge sustained certain exceptions, modifying the report in some respects, but affirmed the finding of fact No. 12 by the referee, to the effect that no false representations had been made which had caused defendant to make the contract, and thereupon adjudged that plaintiff receive the amount of the note and interest and costs, and defendant excepted and appealed.

*A. M. Fry* for defendant.
No counsel *contra.*

HOKE, J., after stating the case: The findings of fact by a referee, when there is evidence tending to support them, affirmed by the Judge on the hearing, are conclusive upon this Court and must be made the basis of the judgment. *Harris et al. v. Smith,* at this term, reported in current S. E., vol. 57, No. 2.

The referee in the case before us reports his finding of fact No. 12 as follows:

"Twelfth. I find as a fact that in some conversations between the plaintiffs and the defendant's agent and manager that John Frey told the defendant's agent that he felt satisfied that there was from 250,000 to 300,000 feet of good timber on the boundary embraced by the Breedlove lands; that the declaration was made to apply to the entire Lick Log Creek boundary; that it was given as a mere guess or opinion, based upon what the plaintiff had seen himself and had been told by John Breedlove, but that it was not intended as a willful or gross misrepresentation of the quantity of timber on the boundary; that the parties were dealing with each other at arm's length, on practically equal terms; that it was

easily within the power of the defendant to have had the tim-
ber on the boundary estimated or measured; that he had been
upon and examined part of the timber and had equally as
good opportunity, in the exercise of reasonable diligence, to
have examined the whole boundary; that the negotiations for
the sale were pending for more than two months before the
assignment of the contract; that the parties were upon the
identical premises on which the timber was located at the
time of closing the contract; that the defendant had one or
more opportunities to rescind the contract before it was
finally closed, which it refused to do; that the contract showed
and the defendant knew that he was getting the timber under
the contracts by the 1,000 feet, at a certain fixed price; that
the price of $100 paid was for the benefit of the contracts
and not for the timber; that there was no guaranty or war-
ranty by the plaintiffs that the boundary contained any par-
ticular quantity of timber, and that there was no complaint of
any shortage or fraudulent misrepresentations by the plain-
tiffs in making the sale until the plaintiffs brought this action
to recover the amount due on the cattle on account of the
funds in the defendant's hands by Breedlove and Grooms for
that purpose. I therefore find as a fact that the sale of the
contracts to the defendant by the plaintiffs was not brought
about by false and fraudulent representations that were calcu-
lated to deceive and mislead a prudent business man."

There was evidence in the record in support of this action
by the referee, and, the same having been affirmed by the
Judge, the conclusion necessarily follows that defendant's
counter-claim has not been sustained.

We are referred by counsel to the decision in *May v.
Loomis,* 140 N. C., 350; but that case decides a question
entirely different from that presented by this report. There
the assertion complained of as being false and fraudulent was
the assertion of a fact: "That the vendor, at the time of

negotiating the sale, as an inducement thereto, falsely asserted that he had caused a survey to be made of the timber within the boundary, and the survey disclosed that there were three million feet; whereas the survey referred to had shown that the boundary contained only one million, and of this the vendor must have been fully aware."

In the case before us the finding is that the representations were mere matters of opinion, given and received as such, and when the parties were at arm's length, each having equal opportunities of informing himself; and the cause comes rather within the principle so clearly announced by *Mr. Justice Brown* in *Cash Co. v. Townsend,* 137 N. C., 652, that "Expressions of commendation or opinion or extravagant statements as to value or prospects do not, as a rule, constitute legal fraud."

As heretofore stated, the finding of fact No. 12, which we have no power to disturb, determines the question of the counter-claim against the defendant, and the judgment below is affirmed.

Affirmed.