178 So. 339

### NEW ORLEANS BREWING CO., Inc., v. CAHALL.

No. 34612.

Nov. 29, 1937.

Rehearing Denied Jan. 10, 1938.

Joseph Rosenberg and Cyril F. Dumaine, both of New Orleans, for relator.

· Hugh M. Wilkinson, George M. Leppert, and John D. Lambert, all of New Orleans, for respondent.

LAND, Justice.

The respondent is a corporation domiciled in the city of New Orleans, parish of Orleans, and the relator is also a resident of that city and parish.

On the 26th day of June, 1937, while the relator was operating an automobile in Hancock county, Miss., near 'the city of Bay St. Louis, his automobile was sideswiped by a truck, and his left arm was so badly mangled, that amputation below the shoulder became necessary.

As the accident happened in Hancock county, Miss., relator employed a local firm of attorneys, who, after investigation into the facts of the case, brought an action in tort, on the 10th day of August, 1937, in the circuit court of Hancock county, a court of law, against respondent, New Orleans Brewing Company, Inc., Joe Todaro, the alleged driver of the truck, and A. Trapani, the alleged distributing agent of the brewing company in Hancock county.

The basis of the complaint against the New Orleans Brewing Company, Inc., was that Joe Todaro and A. Trapani, both of whom are residents of the city of Bay St. Louis, while acting as agents and employees of the brewing company, and while driving a truck used in its business, and actually transporting beer belonging to that company, negligently collided with an automobile operated by relator, causing him to lose his arm.

A further allegation was contained in relator's declaration that New Orleans Brewing Company, Inc., does business in the state of Mississippi; that A. Trapani is its distributing agent in Hancock county, of that state, upon whom service of process may be had under the laws of the state of Mississippi providing for such process; and that such service was made under the provisions of sections 4166 and 4167 of the Mississippi Code of 1930.

To relator's declaration, the two defendants residing in Hancock county according to the Mississippi practice, filed pleas of the general issue, which deny all the allegations of the declaration.

New Orleans Brewing Company, Inc., appeared and filed pleas to the jurisdiction of the circuit court of Hancock county, based upon the allegations that this company was not engaged in business in Hancock county,

did not own the truck in question, and that neither Todaro nor Trapani was its agent or employee, and that, therefore, service of process upon Trapani did not have the effect of conferring upon the circuit court of Hancock county jurisdiction over the defendant, New Orleans Brewing Company, Inc.

The brewing company also filed a plea in abatement, setting out in this plea the issuance of a temporary restraining order against relator's suit on September 11, 1937, by the Civil district court for the parish of Orleans. A hearing on the plea to the jurisdiction and on the plea in abatement had been set by the circuit court of Hancock county for Monday, September 27, 1937.

The temporary restraining order issued by the Civil district court for the parish of Orleans was continued in force until September 17, 1937, when relator was ordered to show cause why a preliminary injunction should not issue, as prayed for by respondent brewing company.

On September 17, 1937, relator moved to dissolve the restraining order, on the ground that the petition disclosed no cause or right of action. This exception was overruled. The rule nisi was then tried, and, after hearing had, was made absolute, and a preliminary injunction was issued against the further prosecution by relator of his suit in the circuit court of Hancock county, Miss., on September 24, 1937, three days before the plea to the jurisdiction, and the plea in abatement, filed by the brewing company, had been set for hearing in that court.

■ (1) Respondent company strenuously contends that it was the duty of rela-

tor to have brought his action in tort in the Civil district court for the parish of Orleans, at the domicile of that company, and charges that the purpose of relator's resort to the circuit court of Hancock county was to perpetrate a fraud upon the courts of this state, the competent and proper jurisdiction, and to annoy, inconvenience, and harass that company and subject it to great and unnecessary expenses incident to the trial.

These contentions of the brewing company, in our opinion, are not well founded.

There is no testimony in the record to show that relator gave instructions to his attorneys as to the forum where the suit should be brought. The accident occurred in Hancock county, Miss., within the jurisdiction of the circuit court of that county. The two defendants, joined in plaintiff's suit as joint tort-feasors with respondent company, reside in that county. Plaintiff's arm was amputated at the infirmary in the city of Bay St. Louis in that county, and all of relator's witnesses reside in the city of Bay St. Louis in Hancock county, Miss.

Relator's witnesses are: Dr. M. J. Wolfe, Bay St. Louis, attending physician; Mrs. C. E. Craft, superintendent King's Daughters' Hospital, Bay St. Louis; Miss Thelma Ellis, nurse, who assisted in amputation of arm, Bay St. Louis; Sheriff Claud Monti, who made investigation, Bay St. Louis; Constable Gerald Price, who made investigation, Bay St. Louis; P. E. Porter, garage operator, who brought Cahall's car in after accident; A. Trapani, one of the defendants, who lives in Bay St. Louis; Jos Todaro, one of the defendants, who lives

in Bay St. Louis; Graham Jordy, former agent of New Orleans Brewing Company, who lives in Bay St. Louis.

The only witnesses for respondent company that appeared at the trial of the rule nisi in the Civil district court for the parish of Orleans were: August Groustedt, president of the New Orleans Brewing Company, Inc.; Edgar J. Derbes, secretary of the New Orleans Brewing Company, Inc.; Fred A. Gerstner, sales manager of the New Orleans Brewing Company, Inc.

Not one of the witnesses of relator, above named, was present at the trial of the rule nisi, because of lack of compulsory process to compel their attendance; the only witnesses present being the relator and his attorney.

(2) New Orleans Brewing Company, Inc., complains, in article 15 of its petition for injunction, that if the case is tried in Mississippi, that company will be subjected to the inconvenience and expense of bringing its witnesses to Bay St. Louis, and of keeping them there during the trial; that it cannot compel its witnesses from the parish of Orleans to attend a trial in Mississippi by any compulsory process, and, therefore, may be obliged to take the depositions of some of its witnesses for use in the trial in Mississippi, which is not only expensive and inconvenient, but is also unsatisfactory and disadvantageous in the trial of important litigation.

The granting of the preliminary injunction in this case by the Civil district court for the parish of Orleans also compels relator to be subjected to the same, if not a greater, expense and inconvenience, if he is forced to sue New Orleans Brewing Company, Inc., at its domicile in the city of New Orleans, parish of Orleans.

As said by this court in Missouri Pac. Ry. Co. v. Harden, 158 La. 889, at page 896, 105 So. 2, 5:

"While there may be sporadic cases holding that injunctions will issue to restrain suits in other jurisdictions from considerations of mere convenience, such is not the general rule followed in numerous well-considered cases. The power, involving, as it does, an interference with a court of a co-ordinate jurisdiction, is one to be exercised to prevent fraud or injustice. American Express Co. v. Fox, 135 Tenn. 489, 187 S.W. 1117, Ann.Cas.1918B, 1148, note at page 1151, left-hand column."

"While the decisions of the courts are not in accord as to the circumstances which will justify the issuance of an injunction in this class of cases, and while it is not possible to state a fixed rule covering all cases in which the relief will be granted, it appears * * * that injunctions have been granted against suits in the courts of another state to prevent vexatious harassment, oppression, or fraud, unconscionable or inequitable advantage, irreparable injury, evasion of domiciliary laws, etc. However, each case must be determined by its own facts. 32 C.J. § 137; 14 R.C.L. 414." Missouri Pac. Ry. Co. v. Harden, 158 La. 889, at page 893, 105 So. 2, 4.

The evidence fails to show that relator brought his suit in Mississippi for the purpurpose of perpetrating a fraud upon respondent brewing company, or for the pur-

pose of evading the jurisdiction of the courts of this state, or with intent to harass or put that company to extra expense.

From the facts of the case, it is apparent that relator has acted in good faith, and most naturally, in suing in the circuit court of Hancock county, where the accident occurred, and where two of the defendants, and all of his witnesses, reside.

■ (3) At the same time, New Orleans Brewing Company has the benefit of all the defenses which could be urged in our courts. It was admitted upon the trial of the rule nisi in the Civil district court for the parish of Orleans that the denial of the agency of Todaro and Trapani by the brewing company was a defense that was permissible in the circuit court of Mississippi; and, undoubtedly, trial of the issues, whether Trapani was a vice principal of that company, and whether proper service of process had been made upon him under the laws of the state of Mississippi, can be had and determined also in that court. How it is possible that there can be any irreparable injury to the brewing company to have the courts of Mississippi pass upon the question of their own jurisdiction, under their own laws, and under the decisions of their own Supreme Court, is difficult to understand.

■ "Courts of equity will not act upon the basis of any distrust of the courts of a sister state. Jones v. Hughes, 156 Iowa 684, 137 N.W. 1023, 42 L.R.A.(N.S.) 502." Missouri Pac. Ry. Co. v. Harden, 158 La. 889, 897, 105 So. 2, 5.

(4) The circuit court of Hancock county will have full opportunity of hearing all of relator's witnesses, as their attendance can be compelled by compulsory process, while the injunction in this case was issued upon the testimony of three of the witnesses of the brewing company, in the absence of relator's witnesses, Todaro and Trapani, alleged agents and employees of that company, and also in the absence of Jordy, a former agent of the company, and a witness for relator.

Relator's suit is for the sum of $35,000 in damages. It is an important suit, and there should be a full hearing of all the witnesses in the case, before a final decision is rendered on the plea to the jurisdiction of the circuit court of Mississippi, made by the brewing company, and based upon the allegation that Todaro and Trapani were not its agents in the operation of the truck that caused the injury to relator.

■ (5) The allegations made in the petition of New Orleans Brewing Company, Inc., for the preliminary injunction, as to difference in Mississippi and Louisiana practice and procedure, do not constitute sufficient grounds for the issuance of the injunction in this case.

As stated in Missouri Pac. Ry. Co. v. Harden, 158 La. 889, 896, 105 So. 2, 5:

"If a citizen of this state can be enjoined from bringing a suit in the courts of another state, merely upon the ground of some inconvenience, or some extra expense, to the defendant, or upon the ground of mere diversity in practice and procedure, it is clear that all of the citizens of this state

would be perpetually debarred from exercising such legal right. It is equally clear that there would be also a general restraint of such right, if the mere fact of bringing such suit per se should constitute proof of fraud, harassment, evasion of domiciliary laws, etc.

"In the case of Lehigh Valley Railroad Co. v. Andrus, 91 N.J.Eq. 225, 109 A. 746, it was held that, where the court of a sister state has jurisdiction of the subject-matter, equity will not interfere unless upon a clear showing that the process is being used in an unconscionable manner—oppressively— and unless the case involves some equitable element which the foreign court cannot apply."

Nor is this court justified in restraining the prosecution of a suit, already pending in a circuit court of the state of Mississippi, a court of law, upon any theory that this court knows better how to do justice than the court of last resort of that state; that it can weigh evidence better, or more justly apply to the facts any general principle of law, nor upon the ground that this court recognizes different rules of law from those that obtain in the state of Mississippi.

■ (6) The circuit court of Hancock county is required to pass upon the plea of respondent company as to lack of territorial jurisdiction, before the case can be submitted to the jury on the merits; that plea is now before the Mississippi court, and this court cannot presume that respondent company will be .denied any of its legal rights by the circuit court of Hancock county.

(7) Besides, it must be remembered that two of the defendants in the cause of action instituted in Mississippi are resident citizens of that state, against whom no suit at law or in equity could be brought in the state of Louisiana.

If this court should grant the injunction prayed for, the relator would be compelled to split his cause of action; to file one suit in Louisiana against one of the tort-feasors; and to file a second suit in Mississippi against the two tort-feasors who are residents of that state.

■ It is a well-recognized rule that equity will intervene to prevent a multiplicity of suits, but equity will not compel a party to resort to that procedure; and such would be the effect of the issuance of the injunction prayed for in this case.

In Essanay Film Mfg. Co. v. Kane, 3 Cir., 264 F. 959, 960, affirmed in 258 U.S. 358, 42 S.Ct. 318, 66 L.Ed. 658, it is said:

"An appeal to a court of equity to restrain proceedings in another court competent to decide every question that may arise in the course of the proceedings is without support in principle and unwarrantedly tends to the multiplication of litigation and the production of delay. Wilson v. Lambert, 168 U.S. 611, 618, 18 S.Ct. 217, 42 L.Ed. 599."

Our conclusion is that the restraining order and writ of preliminary injunction were wrongfully issued in this case by the Civil district court for the parish of Orleans.

It is therefore ordered that the rule nisi issued in this case be made absolute, and,

accordingly, it is ordered that a writ of mandamus issue herein to the Hon. Walter L. Gleason, judge of division D of the Civil district court for the parish of Orleans, directing him to set aside, as soon as this judgment becomes final, and recall the restraining order herein issued, and the order issuing the preliminary injunction enjoining relator, Y. W. Cahall, from in any way prosecuting, or causing to be prosecuted on his behalf, the suit by him instituted against New Orleans Brewing Company, Inc., in the circuit court of Hancock county, state of Mississippi, on or about August 10, 1937, entitled "Y. W. Cahall versus A. Trapani, A. Todaro and New Orleans Brewing Co., Inc.," or from taking any other proceedings of any nature or character whatever in said suit, either individually or by and through his attorneys, agents, or representatives, pending the further orders of the Civil district court for the parish of Orleans.

It is further ordered that writs of prohibition also issue herein, directed to the Hon. Walter L. Gleason, judge of division D, Civil district court for the parish of Orleans, and to the New Orleans Brewing Company, Inc., plaintiff in the suit entitled "New Orleans Brewing Co., Inc. versus Y. W. Cahall," No. 223,353 of the docket of said court, prohibiting and restraining them, and each of them, from attempting to prevent relator from prosecuting his aforesaid suit in the circuit court of Hancock county, state of Mississippi.

It is further ordered that the writs herein issued be made mandatory, and that the respondent, New Orleans Brewing Co., Inc.,

pay the costs of this proceeding and of the lower court.

HIGGINS, J., absent.