STANDARD OIL COMPANY OF LOUISIANA *v.* REDDICK.

4-6335                                   150 S. W. 2d 612

Opinion delivered May 5, 1941.

*T. M. Milling* and *Moore, Burrow & Chowning,* for appellant.

*J. A. Cunningham* and *Floyd W. Cunningham,* for appellee.

GRIFFIN SMITH, C. J.   In September, 1939, A. D. Reddick as father and next friend sued in Prentiss county, Mississippi, for personal injuries alleged to have been sustained by his minor daughter, Zelmetta, through negligence chargeable to Standard Oil Company of Louisiana, a corporation.   Service was procured through garnishment.

The injuries complained of were inflicted in December, 1938, at Mounds, Arkansas.   Zelmetta, then as now, resided with her father, a citizen of Greene county.

Soon after suit was filed in Mississippi the defendant procured a temporary order from the Greene chancery court restraining A. D. Reddick and Zelmetta from prosecuting the action. There was transfer of the cause

to United States district court for the eastern division of the northern district of Mississippi. The defendant filed a plea in abatement, to which was attached an exemplified copy of the restraining order. Through comity the federal court stayed further proceedings.

In December, 1940, the chancellor denied a permanent injunction. This appeal is from such order.

In support of the prayer for injunctive relief the defendant alleged that the suit was brought in Mississippi for the purpose of evading domestic laws; that if compelled to defend in a foreign jurisdiction it will be deprived of rights guaranteed by the constitution of Arkansas and by the Fourteenth Amendment to the federal constitution; that irreparable injury will be occasioned the defendant by compelling it to answer in Mississippi.

Specifically, it is alleged that under the laws of Arkansas applicable to personal injury actions such as the minor here complains of, the plaintiff would be required, on motion of the defendant prior to trial, and as a matter of legal right, to submit to physical examination by a physician designated by the court, and that such right does not exist in Mississippi. Also, that by § 5159 of Pope's Digest of the statutes of Arkansas, if two or more physicians or nurses are or have been in attendance on the patient, administering for the same injury or illness, the patient in waiving his or her rights as to one of the nurses or physicians in respect of privileged communications shall be deemed to have waived the privilege as to others. Such waiver, it is argued, does not exist under the laws of Mississippi.

It is further insisted that if the defendant is forced to trial in Mississippi, it will be burdened with excessive and unnecessary expense because all necessary defense witnesses reside in Greene and Clay counties, Arkansas, and cannot be compelled to appear or testify in person in Mississippi, and none of the plaintiff's agents or servants who might be required as witnesses resides in Mississippi.

Appellees concede that in certain circumstances one asserting a cause of action may be restrained from apply-

ing for relief in a foreign jurisdiction. But, they say, in order to justify injunction, it must be clearly shown that prosecution of the action elsewhere would be "inequitable, unfair, and unjust." See American Jurisprudence, "Injunction," v. 28, § 210. As this court said in *Pickett* v. *Ferguson,* 45 Ark. 177, 55 Am. Rep. 545, the jurisdiction of equity is established by the clear weight of authority, "as well as by the necessity of interposition under special circumstances where the foreign suit appears to be ill-calculated to answer the ends of justice."

Operation of the injunction is not upon the foreign court, but upon the person of the plaintiff.

In *Greer* v. *Cook,* 88 Ark. 93, 113 S. W. 1009, 16 Ann. Cas. 671, authority of chancery courts to enjoin a citizen of Arkansas from suing other residents of this state in a foreign jurisdiction was upheld, the court's purpose in that case being to prevent evasion of exemption and other laws of this state.

Prof. Robert A. Leflar, in his excellent work on Conflict of Laws, § 82, pp. 194-5, says: "Generally speaking, causes of action for tort are transitory, that is, can be sued upon anywhere that service is had on the defendant tortfeasor. The Arkansas courts have regularly and frequently entertained actions upon many kinds of extrastate torts, including both those which were actionable at common law and those which have become actionable only by operation of statutes, such as the death acts, though of course they always insist upon the existence of a valid cause of action by the law of the place of the tort. The state whose law creates a cause of action in fact cannot prevent other states from entertaining actions upon it, even by providing that no such action shall be maintainable elsewhere."

Prof. Leflar's statement refers to jurisdiction, or power of a court, to entertain a transitory cause of action, which, of course, may be done even though the plaintiff has been enjoined. The fact that such plaintiff might be in contempt of the enjoining court is not a matter the foreign authority would be compelled to recognize, even though as a matter of comity it might do so.

In *Tennessee Coal, Iron & Railroad Company* v. *George,* 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685, a headnote is: "The statute of Alabama making the master liable to the employe for defective machinery created a transitory cause of action which can be sued on in another state having jurisdiction of the parties, notwithstanding the statute provides that all actions must be brought thereunder in the courts of Alabama and not elsewhere."

The rule adopted by most courts is that injunctive relief will not be granted a defendant merely because the rules of evidence of a foreign state, or the state's procedure, differ from those of the state in which the cause of action arose. Appellant concedes it has found no Arkansas case directly in point. Ruling Case Law, v. 14, §§ 113-117, is cited. Attention is also directed to *Cole* v. *Cunningham,* 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538, where Mr. Justice Fuller quoted from Story's Equity Jurisprudence, §§ 899, 900.

In *Phelps* v. *McDonald,* 99 U. S. 298, 25 L. Ed. 473, Mr. Justice Swayne said: "Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitae,* which he could do voluntarily, to give full effect to the decree against him. Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.*"

The precedent has not been established in this state to enjoin a citizen from bringing a tort action in the court of a foreign state. In effect, in the instant case, the citizen merely seeks to enforce in the foreign state a cause of action given by Arkansas law. That some inconvenience will be occasioned the defendant in procuring witnesses, and that rules of evidence and procedure differ, are not sufficient to justify this court in saying that the

transaction is so grossly inequitable as to call for judicial restraint against the person of the plaintiff.

Affirmed.