JOE EVANS, JR., v. CREED C. MORROW AND CREED C. MORROW, ADMINISTRATOR OF THE ESTATE OF CREED C. MORROW, JR.

(Filed 12 December, 1951.)

**1. Injunctions § 4f—**

Our courts will not interfere with the right of a resident of this State to institute and prosecute an action in another state except for compelling equities.

**2. Same—**

A citizen of this State will not be enjoined from instituting and prosecuting a suit in another state merely because (1) of convenience or econ-

omy, (2) a difference in rules of practice and procedure, (3) distrust of the competency of the courts of the other state to do justice in cases within its jurisdiction.

**3. Courts § 15—**

A cause of action for wrongful death resulting from an accident occurring in another state is governed as to all matters of substantive law by the laws of such other state.

**4. Death § 5—**

Under the laws of South Carolina, only the executor or administrator may maintain an action for wrongful death.

**5. Injunctions § 4f—North Carolina court held not to have acquired prior jurisdiction of action for wrongful death.**

A collision occurred between a truck and an automobile in South Carolina, resulting in the death of the driver of the car and damage to the truck and its cargo. The owner of the truck instituted suit here against the father of the driver of the car, seeking recovery on the ground of *respondeat superior* and the family purpose doctrine. Thereafter, the driver's father qualified as administrator and instituted suit in South Carolina for wrongful death. Later, the father, in his representative capacity, was brought in as a party in the North Carolina suit. *Held:* The North Carolina court did not acquire prior jurisdiction of the action for wrongful death, and the administrator may not be enjoined from maintaining his suit in South Carolina on the ground that our courts acquired prior jurisdiction of the action, or on the ground that it was the duty of the administrator to plead his cause of action for wrongful death as a counterclaim in the North Carolina suit.

**6. Automobiles § 24½ b: Negligence § 15—**

Where the driver of a car is killed in a collision with a truck, the truck owner may sue the owner of the car individually on the theory of *respondeat superior* or, when the car owner has qualified as administrator of the driver, as administrator, either jointly or separately.

**7. Same—**

Where the injured party elects to sue the administrator of the tort-feasor in his individual capacity upon the theory of *respondeat superior* and not in his capacity as administrator, the defendant is bound by plaintiff's election, and is powerless in law to compel plaintiff to sue him in his representative capacity.

**8. Torts § 1—**

The exercise of a legal right in an equitable manner cannot be converted into a tort by a supposed wrongful intent.

**9. Injunction § 4f—**

A resident of this State cannot be enjoined from prosecuting an action in another state in an equitable manner in accordance with his legal rights on the ground of an asserted inequitable intent.

APPEAL by Creed C. Morrow, Administrator of Creed C. Morrow, Jr., from *Bennett, Special Judge,* at May Term, 1951, of MECKLENBURG.

Civil action in which one resident of North Carolina seeks to restrain another from prosecuting a judicial proceeding in South Carolina.

For convenience of narration, Joe Evans, Jr., a resident of Mecklenburg County, North Carolina, is called Evans, and Creed C. Morrow, a resident of Rowan County, North Carolina, is designated as Morrow.

On 11 February, 1950, a Studebaker automobile operated by Morrow's son, Creed C. Morrow, Jr., and a loaded tractor-trailer combination owned by Evans and driven by his duly authorized agent collided on a highway in Lancaster County, South Carolina, killing Creed C. Morrow, Jr., and damaging the tractor-trailer combination and its cargo.

On 9 March, 1950, Evans brought an action entitled "Joe Evans, Jr., *versus* Creed C. Morrow" in the Superior Court of Mecklenburg County, North Carolina, to recover damages of Morrow as an individual for the injuries to the tractor-trailer combination and its cargo. The complaint in this action, which is herein called the North Carolina suit, alleges, in substance, that these injuries resulted from the negligent operation of the Studebaker by Creed C. Morrow, Jr., and that Morrow is liable to Evans therefor in his individual capacity for these reasons: (1) That Creed C. Morrow, Jr., was driving the Studebaker on a business mission for his father at the time of the collision; and (2) that Morrow owned and maintained the Studebaker as a family purpose car and permitted it to be driven by his son on the occasion of the collision for family purposes. The answer of Morrow denies all material allegations of the complaint.

On 15 April, 1950, Morrow qualified as administrator of Creed C. Morrow, Jr., in the Superior Court of Rowan County, North Carolina, where the decedent had his domicile.

On 22 September, 1950, Morrow, as administrator of Creed C. Morrow, Jr., brought an action against Evans under the South Carolina wrongful death statute in the Court of Common Pleas of Lancaster County, South Carolina, to recover damages for the death of his son. The complaint in this action, which is herein designated as the South Carolina suit, alleges, in substance, that the death of the intestate was occasioned by the actionable negligence of the driver of the tractor-trailer combination while carrying out a business mission for Evans. Summons was served upon the Chief Highway Commissioner of South Carolina as process agent of Evans pursuant to South Carolina law on 23 September, 1950, and thereafter, to wit, on 12 October, 1950, Evans filed an answer in the South Carolina suit, denying the material allegations of the complaint and pleading a counterclaim against the administrator for the injuries to the tractor-trailer combination and its cargo.

Meantime, to wit, on 9 October, 1950, Judge George B. Patton, acting on motion of Evans, entered an order in the North Carolina suit authorizing Evans to bring Morrow, as administrator of his son, into that suit as a party defendant by summons, and to file an amended complaint in it seeking damages from Morrow for the injuries to the tractor-trailer combination and its cargo in both his individual and his representative capacities. On 2 May, 1951, this order was affirmed by the North Carolina Supreme Court, which reviewed it on the appeal of Morrow, as administrator, who had entered a special appearance before Judge Patton and opposed the entry of the order on the ground that the court had no jurisdiction under G.S. 1-78 to make him a party in his representative capacity to an action in any county other than Rowan, the county of his qualification. *Evans v. Morrow,* 233 N.C. 562, 64 S.E. 2d 842. Evans has not yet caused summons to be served on Morrow, as administrator, in the North Carolina suit, or filed an amended complaint in that suit asking relief against Morrow in his representative capacity.

The persons qualified to testify as witnesses in litigation arising out of the collision between the Studebaker car and the tractor-trailer combination are equally divided in residence between North Carolina and South Carolina.

The South Carolina suit was set for trial on 16 May, 1951. Six days earlier, Judge Harold K. Bennett, acting on an *ex parte* application of Evans, issued an order in the North Carolina suit temporarily restraining Morrow, as administrator, from prosecuting the South Carolina suit, and requiring Morrow, as administrator, to show cause before him in the Superior Court of Mecklenburg County, North Carolina, on 22 May, 1951, why the restraining order should not be continued in force until the final determination of the North Carolina suit. Morrow, as administrator, entered what he called "a special appearance" before Judge Bennett on the show-cause day, and opposed the continuance of the restraining order on these grounds: That the court had no jurisdiction of him in his representative capacity because summons had not been served on him as administrator; and that the continuance of the restraining order could not be justified on the merits.

On the show-cause day, Judge Bennett found facts conforming to those stated above, and made this declaration respecting adjective law: North Carolina procedure makes it certain that all matters in controversy between Evans and Morrow in his representative capacity as well as all matters in controversy between Evans and Morrow in his individual capacity can be determined in the North Carolina suit, whereas South Carolina procedure leaves it doubtful whether Morrow as an individual can be served with summons, or made a party to the South Carolina suit between Morrow, administrator, and Evans at the instance of Evans.

Judge Bennett thereupon concluded that it would be "unjust and inequitable" for Morrow, administrator, to prosecute the South Carolina suit against Evans for these reasons:

1. That Evans will be put to extra expense and inconvenience in defending the South Carolina suit if the administrator is not compelled to litigate his claim against Evans for damages for the wrongful death of his intestate in the North Carolina suit.

2. That Evans will be deprived of the advantages of the more favorable procedural rules applicable to the North Carolina suit if the administrator is permitted to prosecute the South Carolina suit.

3. That the South Carolina court may render a decision in respect to legal responsibility for the collision different from that of the North Carolina court in the event both actions proceed to trial.

4. That the Superior Court of Mecklenburg County, North Carolina, acquired prior jurisdiction of the wrongful death action when Evans sued Morrow individually in the North Carolina suit.

5. That it was the duty of Morrow as administrator to make himself a party defendant in the North Carolina suit, and to plead the cause of action for wrongful death as a counterclaim in it instead of bringing the South Carolina suit.

6. That the administrator brought the South Carolina suit with intent to deprive Evans of the beneficial provisions of North Carolina procedure, and to confuse, frustrate, and forestall the North Carolina suit.

Judge Bennett thereupon entered judgment in the North Carolina suit permanently enjoining Morrow, as administrator, from prosecuting the South Carolina suit against Evans; and Morrow, as administrator, excepted to such judgment and appealed, assigning errors.

*Smathers & Carpenter and William B. Webb for plaintiff, Joe Evans, Jr., appellee.*

*Frank H. Kennedy and Marcus T. Hickman for Creed C. Morrow, administrator of Creed C. Morrow, Jr., appellant.*

ERVIN, J.    Where a sufficient equitable ground is shown, the Superior Court has power as a court of equity to enjoin a citizen of this State subject to its jurisdiction from prosecuting a judicial proceeding against another citizen in another state. *Wierse v. Thomas,* 145 N.C. 261, 59 S.E. 58, 15 L.R.A. (N.S.) 1008, 122 Am. S. R. 446. As a general rule, however, citizens of this State are free to go into other states to pursue such remedies and secure such relief as may there be available. 28 Am. Jur., Injunctions, section 204. In consequence, the question on this appeal is whether the plaintiff showed a sufficient equity in the court below to deprive the appellant of a legal right commonly possessed by

citizens. *Boston & M. R. R. v. Whitehead,* 307 Mass. 106, 29 N.E. 2d 916.

These propositions are well established in this field of equity jurisprudence:

1. A court of equity will not restrain a citizen from invoking the aid of the courts of another state simply because it may be somewhat more convenient or somewhat less expensive to his adversary to compel him to carry on his litigation at home. *Carpenter v. Hanes,* 162 N.C. 46, 77 S.E. 1101, Ann. Cas. 1915 A, 332; *McWhorter v. Williams,* 228 Ala. 632, 155 So. 309; *Illinois Life Ins. Co. v. Prentiss,* 277 Ill. 383, 115 N.E. 554; *Mason v. Harlow,* 91 Kan. 807, 139 P. 384; *Boston & M. R. R. v. Whitehead, supra; Paramount Pictures v. Blumenthal,* 256 App. Div. 756, 11 N.Y.S. 2d 768; *American Express Co. v. Fox,* 135 Tenn. 489, 187 S.W. 1117, Ann. Cas. 1918 B, 1148.

2. A court of equity will not grant an injunction against an action in another state on the ground that the rules of practice and procedure in the state where the injunction is asked may differ from those which obtain in the state where the action is brought. *Carpenter v. Hanes, supra; Standard Oil Co. of Louisiana v. Reddick,* 202 Ark. 393, 150 S.W. 2d 612; *Bavuso v. Angwin,* 166 Kan. 469, 201 P. 2d 1057; *Missouri Kansas Texas R. Co. v. Ball,* 126 Kan. 745, 271 P. 313; *New Orleans Brewing Co. v. Cahall,* 188 La. 749, 178 So. 339, 115 A.L.R. 231; *Lancaster v. Dunn,* 153 La. 15, 95 So. 385; *Boston & M. R. R. v. Whitehead, supra; Tri-State Transit Co. of Louisiana v. Mondy,* 194 Miss. 714, 12 So. 2d 920; *E. J. Platte Fisheries v. Wadford,* 170 Miss. 617, 155 So. 161; *Delaware, L. & W. R. Co.,* 300 Pa. 291, 150 A. 475, 69 A.L.R. 588; *Chicago M. & St. P. Ry. Co. v. McGinley,* 175 Wis. 565, 185 N.W. 218.

3. A court of equity will not enjoin judicial proceedings in the court of another state through distrust of the competency of such court to do justice in cases within its jurisdiction. *Carpenter v. Hanes, supra; Jones v. Hughes,* 156 Iowa 684, 137 N.W. 1023, 42 L.R.A. (N.S.) 502; *New Orleans Brewing Co. v. Cahall, supra; Missouri P. R. Co. v. Harden,* 158 La. 889, 105 So. 2; *Columbian Nat. Life Ins. Co. v. Cross,* 298 Mass. 47, 9 N.E. 2d 402; *United States Fire Ins. Co. v. Fleenor,* 179 Va. 268, 18 S.E. 2d 901.

Under these rules, the first, second, and third grounds assigned for the issuance of the injunction in the case at bar do not disclose any equities entitling Evans to such relief.

There is no basis for the conclusion that the Superior Court of Mecklenburg County acquired prior jurisdiction of the wrongful death action when Evans sued Morrow individually in the North Carolina suit. All matters of substantive law relating to the wrongful death action are governed by the law of South Carolina, where the fatal accident occurred.

*Wise v. Hollowell,* 205 N.C. 286, 171 S.E. 82. Under that law, nobody can sue to enforce a cause of action for death by wrongful act except the executor or administrator of the decedent. Code of Laws of South Carolina, 1942, section 412; *Harrill v. R. R.,* 132 N.C. 655, 44 S.E. 109; *In re Mayo's Estate,* 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660; *Edgar v. Castello,* 14 S.C. 20, 37 Am. R. 714; *Heath v. Smyther,* 19 F. Supp. 1020. For this reason, Evans conferred no power whatever upon the Superior Court of Mecklenburg County to try and determine the wrongful death action by suing Morrow as an individual for the injuries to the tractor-trailer combination and its cargo. *Journigan v. Ice Co.,* 233 N.C. 180, 63 S.E. 2d 183; *Bennett v. R. R.,* 159 N.C. 345, 74 S.E. 883. As the question does not arise on the present record, we express no opinion as to whether the injunction would have been proper if the North Carolina court had obtained jurisdiction of the wrongful death action prior to the South Carolina court.

There is likewise no foundation for the somewhat novel notion that it was the duty of Morrow as administrator to make himself a party defendant in the North Carolina suit, and to plead the cause of action for wrongful death as a counterclaim in it instead of bringing the South Carolina suit. This is plain when due heed is paid to the significant circumstances that Evans seeks to hold Morrow individually liable to him for the supposed negligence of Creed C. Morrow, Jr., under the family purpose rule and the *respondeat superior* doctrine, and that Morrow as administrator stands in the shoes of Creed C. Morrow, Jr. These things being true, Evans had an absolute legal right to pursue either of these courses at his election: (1) To sue Morrow, the individual, and Morrow, the administrator, jointly; or (2) to sue Morrow, the individual, or Morrow, the administrator, separately. *Hough v. R. R.,* 144 N.C. 692, 57 S.E. 464; *Miller v. Strauss,* 38 Ga. App. 781, 145 S.E. 501; *Martin v. Starr,* 255 Ill. App. 189; 57 C.J.S., Master and Servant, section 579; 61 C.J.S., Motor Vehicles, section 500. Evans elected to sue Morrow, the individual, separately when he brought the North Carolina suit. This election was binding on Morrow, the administrator, who was powerless in law to compel Evans to sue him in his representative capacity. *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Hough v. R. R., supra;* 57 C.J.S., Master and Servant, section 613.

The statements in the judgment relating to the supposed intent of the administrator in bringing the South Carolina suit constitute factual inferences rather than legal conclusions. The inferences are *non sequiturs* of the facts found by the court. Moreover, they are immaterial to the controversy on the present record. Since the administrator exercised his legal right in an equitable manner, his supposed intent did not convert his innocent acts into inequitable conduct.

For the reasons given, the judgment is reversed, and the injunction is vacated.

Reversed.