CLAYTON v. BURNETT

[135 N.C. App. 746 (1999)]

MIKE CLAYTON, as personal representative of the Estate of Michelle Clayton Hall (deceased), Plaintiff v. DENNIS HAL BURNETT, KENNETH HENDERSON TRUCKING COMPANY, INC., KENNETH HENDERSON, CHARLES WOODROW NELSON d/b/a NELSON TRUCK BROKERS, and CHIP LEE HALL, Defendants

No. COA98-1633

(Filed 7 December 1999)

**1. Wrongful Death— proper plaintiff—substantive right—lex loci**

The trial court did not err in applying Georgia law in a wrongful death action where decedent and defendant Hall got married in North Carolina and were thereafter involved in an automobile accident in Georgia while driving to catch a plane for their honeymoon, because: (1) matters affecting the substantive rights of the parties are determined by the lex loci, or where the wrong occurred; (2) the determination of who is the proper party to sue in a wrongful death action is governed by substantive law; and (3) the limited public policy exception to the lex loci principle is not warranted.

**2. Wrongful Death— proper plaintiff—Georgia law—personal representative—funeral, medical, and other necessary expenses**

The trial court erred in entering summary judgment in favor of defendants in a wrongful death action arising out of an automobile accident occurring in Georgia by concluding plaintiff was the wrong party to institute a wrongful death action because Georgia law provides that the personal representative of the deceased is entitled to recover for the funeral, medical, and other necessary expenses under Ga. Code Ann. § 51-4-5(b), and plaintiff-personal representative specifically sought funeral expenses.

**3. Wrongful Death— proper plaintiff—failure of husband to sue—Georgia law—equity—suit by personal representative**

The trial court erred in entering summary judgment in favor of defendants in a wrongful death action arising out of an automobile accident occurring in Georgia by concluding plaintiff was the wrong party to institute a wrongful death action because even though Georgia's wrongful death statutory scheme provides that defendant Hall as decedent's surviving spouse is the only party entitled to bring this cause of action for wrongful death, Georgia has a separate jurisdictional scheme in equity under Ga. Code

Ann. § 23-4-20 allowing plaintiff-personal representative to pursue this claim under Ga. Code Ann. § 51-4-5(a) since: (1) plaintiff waited the full two-year statute of limitations period before filing his claim to see whether Hall would exercise his legal right to bring the claim himself; (2) Hall manifested no intent to bring the claim himself; and (3) decedent's beneficiaries and next of kin are left remediless unless plaintiff is permitted to maintain this cause of action.

Appeal by plaintiff from judgment entered 24 September 1998 by Judge Dennis J. Winner in Jackson County Superior Court. Heard in the Court of Appeals 22 September 1999.

*Melrose, Seago & Lay, P.A., by Randal Seago, for plaintiff-appellant.*

*Roberts & Stevens, P.A., by Wyatt S. Stevens and Frank P. Graham, for defendant-appellees Dennis Hal Burnett, Kenneth Henderson Trucking Company, Inc., and Kenneth Henderson.*

*Sean P. Devereux for defendant-appellee Charles Woodrow Nelson d/b/a Nelson Truck Brokers.*

*Cloninger, Barbour & Arcuri, P.A., by Frederick S. Barbour and Alan D. McInnes, for defendant-appellee Chip Lee Hall.*

LEWIS, Judge.

This case arises out of an automobile accident that occurred in Habersham County, Georgia. On 2 July 1995, Michelle Clayton Hall and defendant Chip Lee Hall were married in North Carolina. Following their wedding, they started to Atlanta to catch a plane for their honeymoon. On the way, their car collided with a tractor-trailer driven by defendant Dennis Hal Burnett. Michelle Clayton Hall died instantly. Plaintiff Mike Clayton, the father of Michelle Clayton Hall, filed this wrongful death action on behalf of her estate on 27 June 1997, alleging negligence by Chip Lee Hall, who was driving their car, and by defendant Burnett and his employers. The trial court entered summary judgment in favor of the defendants, concluding that, under Georgia law, plaintiff was the wrong party to institute a wrongful death action. Plaintiff appeals. We reverse.

[1] At the outset, we must ascertain whether Georgia law or North Carolina law applies to the instant action. The conflict of laws provisions of this state are well-settled. Matters affecting the substantive

rights of the parties are determined by the *lex loci,* or where the wrong occurred; matters affecting the remedial or procedural rights of the parties are determined by the *lex fori,* or where the claim is filed. *Boudreau v. Baughman,* 322 N.C. 331, 335, 368 S.E.2d 849, 853-54 (1988). Plaintiff contends that the determination of who is a proper party to sue is merely a procedural right, such that North Carolina law governs. We disagree.

The common law rule has been summarized as follows:

The matter of who is the proper plaintiff in a wrongful death action brought in one jurisdiction for a death resulting from a wrong committed in another has been said to be governed by the law of the jurisdiction in which the wrong occurred, under the theory that such matter is a part of the substantive law, rather than merely a matter of procedure.

22A Am. Jur. 2d *Death* § 413 (1988). Though we have found no North Carolina case law directly addressing the propriety of the common law rule, we have found one case that has implicitly accepted it. In *Evans v. Morrow,* 234 N.C. 600, 68 S.E.2d 258 (1951), an automobile collided with a tractor-trailer in South Carolina, resulting in the death of the driver of the automobile. *Id.* at 602, 68 S.E.2d at 260. The driver of the tractor-trailer instituted a negligence action in North Carolina against the automobile driver's father, individually, under the family purpose doctrine. *Id.* The automobile driver's father subsequently qualified as administrator of his deceased son's estate, whereupon he filed a negligence suit against the driver of the tractor-trailer in South Carolina. *Id.* The driver of the tractor-trailer then sought to enjoin the father from proceeding in South Carolina, contending that North Carolina's courts acquired prior jurisdiction over him in his representative capacity when the driver of the tractor-trailer commenced the negligence action in North Carolina. In rejecting this argument, our Supreme Court made the following statement relevant to the issue before this Court today:

All matters of substantive law relating to the wrongful death action are governed by the law of South Carolina, where the fatal accident occurred. Under that law, nobody can sue to enforce a cause of action for death by wrongful act except the executor or administrator of the decedent.

*Id.* at 605-06, 68 S.E.2d at 262 (citations omitted). Thus, the *Evans* court implicitly treated the matter of who may institute a wrongful death action as a substantive matter to be governed by the *lex loci.*

We now explicitly hold that this issue is one of substantive law such that the *lex loci* controls, and that is Georgia.

Notwithstanding the general rule, our courts have adopted a limited exception to the *lex loci* principle. Specifically, our courts apply North Carolina law if the law of the other state offends North Carolina public policy. *See, e.g., Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 305 S.E.2d 528 (1983) (choosing to apply North Carolina's worker's compensation laws after concluding that Virginia's worker's compensation system was contrary to North Carolina public policy). But "a mere difference as to the person entitled to maintain a given cause of action . . . is [in]sufficient or [in]adequate dissimilarity to work a denial of the usual principles of comity prevailing among the states of the Union." *Rodwell v. Coach Co.*, 205 N.C. 292, 295, 171 S.E. 100, 102 (1933). Accordingly, application of the public policy exception to the *lex loci* principle is not warranted here. As such, because the accident occurred in Georgia, its laws control who is entitled to bring forth this wrongful death suit. We now turn to Georgia's substantive law.

[2] Georgia has a very specific wrongful death statutory procedure. We begin by separating the types of damages sought by plaintiff. Under Georgia's law, "[w]hen death of a human being results from a crime or from criminal or other negligence, the *personal representative* of the deceased person shall be entitled to recover for the *funeral*, medical, and other necessary expenses resulting from the injury and death of the deceased person." Ga. Code Ann. § 51-4-5(b) (Supp. 1999) (emphasis added). Plaintiff, as Michelle Clayton Hall's personal representative, has specifically sought funeral expenses and is thus statutorily entitled to pursue them. *See, e.g., Hosley v. Davidson*, 439 S.E.2d 742 (Ga. Ct. App. 1993) (denying personal representative's claims for wrongful death as being the inappropriate party, but granting his claims for funeral expenses).

[3] Plaintiff has also sought damages for wrongful death. Under Georgia law, the party who is entitled to seek wrongful death damages is quite limited:

> The *surviving spouse* or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent . . . .

Ga. Code Ann. § 51-4-2(a) (Supp. 1999) (emphasis added). This statutory provision is to be construed strictly. *Walden v. John D. Archbold*

*Mem'l Hosp.*, 398 S.E.2d 271, 273 (Ga. Ct. App. 1990). Thus, pursuant to the plain language of the statute, defendant Chip Lee Hall, as the surviving spouse, is the only party entitled to pursue a claim for wrongful death.

Plaintiff nonetheless cites section 51-4-5(a) to suggest that the personal representative may institute a wrongful death claim here. That provision states:

> When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 . . . , the administrator or executor of the decedent may bring an action . . . .

Ga. Code Ann. § 51-4-5(a) (Supp. 1999). Plaintiff asserts that, because the surviving spouse is allegedly negligent here, he is not "entitled" to bring a wrongful death action. This assertion is not supported by Georgia's case law. *See, e.g., Matthews v. Douberley*, 428 S.E.2d 588 (Ga. Ct. App. 1993) (allowing allegedly negligent surviving spouse to institute a wrongful death action). While it is certainly true that Chip Lee Hall could not be both the plaintiff and defendant in this suit, *see Jones v. Jones*, 376 S.E.2d 674, 675 n.2 (Ga. 1989), that does not mean he is not "entitled" to bring the cause of action in the first place. Section 51-4-2(a) vests him with the right to bring the wrongful death action. His own potential negligence does not divest him of this right. Thus, pursuant to Georgia's wrongful death statutory scheme, Chip Lee Hall, as Michelle Clayton Hall's surviving spouse, is the only party entitled to bring this cause of action for wrongful death.

Our inquiry does not end there, however, as Georgia has a separate jurisdictional scheme in equity. "Any person who may not bring an action at law may complain in equity and every person who is remediless elsewhere may claim the protection and assistance of equity to enforce any right recognized by the law." Ga. Code Ann. § 23-4-20 (1982). As we have already concluded, plaintiff here, as Michelle Clayton Hall's personal representative, may not bring this wrongful death action at law. The legal right was that of Chip Lee Hall, the surviving spouse. We nonetheless conclude that plaintiff can pursue this claim in equity. Georgia courts have on at least two occasions circumvented section 51-4-2(a)'s limiting language and allowed others to maintain wrongful death suits under the cloak of equity jurisdiction. In *Brown v. Liberty Oil & Refining Corp.*, 403 S.E.2d 806 (Ga. 1991), the Georgia Supreme Court invoked equity to allow a decedent's children to institute a wrongful death claim because the

surviving spouse had abandoned the children, could not be located, and likely would not pursue such a claim in the first place. Following this lead, the Georgia Court of Appeals, in *Emory University v. Dorsey*, 429 S.E.2d 307 (Ga. Ct. App. 1993), again permitted a decedent's child to pursue a wrongful death claim because the surviving spouse had left the state and apparently had no intention of bringing forth the cause of action himself.

Defendants point out that both of these cases involved the ability of a decedent's *children* to bring a wrongful death claim, rather than a decedent's personal representative. However, we do not feel these cases stand for the proposition that equity jurisdiction may *only* be invoked if the decedent leaves surviving children. Rather, they focus on the specific factual circumstances warranting the application of equity jurisdiction. We feel the specific factual circumstances here justify using equity to allow plaintiff to proceed with his wrongful death claim. Plaintiff waited the full two-year statute of limitations period before filing his claim to see whether Chip Lee Hall would exercise his legal right to bring the claim himself; Chip Lee Hall manifested no intent to bring the claim himself; and, most importantly, Michelle Clayton Hall's beneficiaries and next of kin are left remediless unless plaintiff is permitted to maintain this cause of action.

In summary, we hold that Georgia law applies to this case because the issue of who may institute a wrongful death claim is a substantive matter to be governed by the *lex loci* principle. We further hold that, pursuant to Georgia law, plaintiff is entitled to pursue his claim for funeral expenses. And finally, we hold that equity enables plaintiff to proceed with his claim for wrongful death as well.

Because of our holding, we need not address plaintiff's remaining assignments of error.

Reversed and remanded.

Judges JOHN and McGEE concur.